**Dorothy PARKER, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Defendant.**

**Civ. A. No. 75–0812.**

United States District Court,
District of Columbia.

Jan. 13, 1978.

Linda R. Singer, Lydia N. Wegman, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Dennis A. Dutterer, Asst. U. S. Attys., Washington, D. C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

On April 1, 1976, this Court, pursuant to 42 U.S.C. § 2000e–5(k), entered an Order

awarding plaintiff attorneys' fees of $8,727.50 plus expenses for counsel's work both at the administrative level and before the Court in this Title VII case. 411 F.Supp. 1059 (D.D.C.1976). Defendant thereafter appealed from this Court's award of attorneys' fees. On June 30, 1977, the Court of Appeals affirmed this Court's award of attorneys' fees. *Parker v. Califano,* 561 F.2d 320 (D.C.Cir.1977).

Subsequently, plaintiff filed the Supplemental Motion for Award of Attorneys' Fees now before the Court. In this motion, plaintiff seeks: (1) enforcement of this Court's initial award of $8,727.50 attorneys' fees plus $42.86 expenses; (2) interest on the initial award at 6 per cent per annum, which would equal $526.22; (3) attorneys' fees for the hours expended (8–¼ hours) after plaintiff filed her initial motion for attorneys' fees, but before the Court issued its Order and Memorandum Opinion on April 1, 1976; and (4) attorneys' fees and expenses for counsel's work on appeal and in preparing the instant motion.

Defendant does not contest plaintiff's entitlement to enforcement of this Court's initial award. Nor does he contest plaintiff's entitlement to reasonable compensation for the work performed by counsel in the appeal of this case and in the preparation of the instant motion. Defendant does object, however, to a number of aspects of plaintiff's supplemental motion for attorneys' fees. Accordingly, the Court will consider these objections seriatim.

## I. COMPENSABLE HOURS

■ Defendant's first objection is to the number of hours claimed by plaintiff's counsel both on the appeal and on the preparation of the instant motion for fees. Of course, the Court is not bound by the number of hours claimed by counsel. *See* Berger, *Court Awarded Attorneys' Fees: What is "Reasonable"?,* 126 U.Pa.L.Rev. 281, 319

(1977). Rather, the Court itself must "weigh the hours claimed against [its] own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974).

Counsel's affidavits indicate that attorneys Linda R. Singer, James Altman, and Lydia N. Wegman respectively spent 117–¾, 35–¾, and 64–¼ hours on the appeal of this case. Their affidavits further indicate that attorneys Singer and Wegman respectively spent 13 and 71–½ hours preparing the instant motion for attorneys' fees. Upon consideration of counsel's affidavits, and based on its review of plaintiff-appellee's appellate brief and the instant attorneys' fees motion, the Court concludes that plaintiff is not entitled to compensation for the full number of hours claimed by counsel.

(a) *The Appeal.* The Court finds plaintiff-appellee's appellate brief to be the product of superlative legal research and writing. In view of the indisputable significance of the legal issues decided by this Court and reviewed by the Court of Appeals,[1] the Court concludes that plaintiff is entitled to compensation for all but a few of the hours claimed by counsel for work on the appeal.

■ Consistent with the Court's initial fees award, *see* 411 F.Supp. at 1067, the Court will not require defendant to compensate plaintiff for the hours that *both* the senior and junior attorneys spent in conference together. Rather, only the senior attorney's conference hours will be considered compensable. Similarly, the Court will not require defendant to compensate plaintiff for the 6–½ hours expended by the junior attorney (Ms. Wegman) on non-research "preparation for oral argument" and the three hours claimed by Ms. Wegman for accompanying Attorney Singer to the oral argument before the Court of Appeals.

---

1. The Court notes that plaintiff's successful defense on appeal of this Court's initial award of attorneys' fees has resulted in the Government's acquiescence in the result reached therein and the withdrawal of the Government's contrary argument in *Fischer v. Adams,* No. 77–1264, now pending before the First Circuit, and *Abrams v. Cleland,* No. 77–3029, now pending before the Sixth Circuit.

Since Attorney Wegman did not argue this case to the Court of Appeals, these 9–½ hours related to oral argument were not necessary and involved a duplication of activity. *See United Federation of Postal Clerks v. United States,* 61 F.R.D. 13, 19 n.16 (D.D.C.1973). Accordingly, the Court will deduct one hour from Attorney Altman's claimed time, and 12–¼ hours from Attorney Wegman's claimed time for work on the appeal of this case. The remaining hours claimed by counsel were, in the Court's view, fair and reasonable as well as necessary "to a vigorous prosecution of the claims," *see* Berger, *supra,* at 319, and the Court will require defendant to compensate plaintiff for these hours, which total 117–¾ for Attorney Singer, 34–¾ for Attorney Altman, and 52 for Attorney Wegman.

■ (b) *The Supplemental Motion for Attorneys' Fees.* While the Court finds plaintiff's pending motion for attorneys' fees also to be of the highest quality, the Court concludes that the hours claimed for work on this motion, unlike the hours claimed for work on the appeal, are not fully warranted. As noted above, attorneys Singer and Wegman respectively expended 13 and 71–½ hours preparing the instant motion for fees. A number of factors lead this Court to conclude that the claimed number of hours should be discounted.

*First,* this is the *second* motion for attorneys' fees in this case, and, as evidenced by a comparison of plaintiff's first motion (filed November 25, 1975) with the instant motion, much of the basic research with respect to the standards for attorneys' fees awards was completed for the original motion and compensated for in this Court's initial fees award of $8,727.50. *Second,* though Attorney Wegman spent 18–½ hours researching additional points and authorities for the instant motion, this substantial commitment of time resulted in the inclusion of only 12 cases in this motion that were not in the initial motion, and a number of these cases are quite well-known. *Third,* Attorney Wegman spent 53 hours and Attorney Singer 13 hours in writing the 16-page supplemental fees motion. Noth-

ing in this motion, however, is so novel or complex as to warrant this number of hours of work. Indeed, the supplemental fees motion now before the Court is, by any standard, quite routine. *Finally,* Attorney Singer's experience and expertise in the Title VII area and her work on attorneys' fees issues in other cases should have resulted in a minimization of the number of hours necessary to prepare the supplemental fees motion. In view of all of the above factors, the Court concludes that the number of hours claimed by plaintiff's counsel for work on the supplemental attorneys' fees motion now before the Court is appropriately discounted by 50 per cent. The Court will therefore require defendant to compensate plaintiff for 6–½ hours of Attorney Singer's time and 26–½ hours of Attorney Wegman's time for their work on the supplemental fees motion, which the Court finds to be fair and reasonable in the circumstances of this case.

## II. PRE–APRIL 1976 HOURS

■ Defendant's second objection to plaintiff's supplemental motion for attorneys' fees is that plaintiff is not entitled to recover on this motion fees for hours expended *prior* to this Court's Memorandum Opinion of April 1, 1976, because only fees incurred on or after appeal are properly compensated for at this time. Counsel's affidavits indicate that attorneys Singer and Altman respectively worked 7–¾ hours and ½ hour on this case before this Court between the time plaintiff's initial attorneys' fees motion was filed and the time this Court issued its Order and Memorandum Opinion on April 1, 1976. Plaintiff has never been compensated for these hours, and the Court finds that counsel's decision not to file any supplemental fees motions until the case was completed in its entirety was perfectly reasonable. There being no just reason for denying plaintiff compensation for these hours, the Court will require defendant to compensate plaintiff for the 7–¾ and ½ hours worked respectively by attorneys Singer and Altman between December 1, 1975, and April 1, 1976. The

Court will, however, value these hours at the previously-awarded rate: $60/hour for Attorney Singer, $35/hour for Attorney Altman, plus 25 per cent incentive fee.

## III. HOURLY RATE

■ Defendant's third objection to plaintiff's supplemental attorneys' fees motion is the hourly rate sought by counsel. Plaintiff seeks compensation for her counsel's work at the rate of $80/hour for Attorney Singer, $60/hour for Attorney Altman, and $55/hour for Attorney Wegman. In its initial attorneys' fees award to plaintiff, this Court compensated plaintiff for Attorney Singer's time at $60/hour and for two of Ms. Singer's associates at $35/hour and $30/hour respectively. 411 F.Supp. at 1066. Defendant asks the Court to compensate plaintiff for counsel's work on appeal and on the instant motion at the same rate awarded initially.

(a) *Attorney Singer.* The Court finds that the high quality of Ms. Singer's work has remained constant throughout the duration of this litigation. The nature of the work she performed during the appeal of this case does not, however, differ measurably from the work she performed at the administrative level and before this Court in 1975. Accordingly, the Court does not believe that the dramatic increase sought by plaintiff for Ms. Singer's work is warranted. The Court concludes that an increase in the compensation for Ms. Singer's work to $65/hour is warranted because of her increased experience and expertise, and the Court further concludes that it is fair and reasonable to attribute a higher value to Ms. Singer's more recent work as compared with her 1975 work because of inflation. Multiplying the $65/hour rate by the current Gross National Product deflator factor for 1975—1.110—results in a current value of $72/hour, which the Court finds to be fair and reasonable compensation for Ms. Singer's work in the present case.

(b) *Attorney Altman.* Based on Mr. Altman's legal education and prior experience in attorneys' fees issues in civil rights litigation, the excellence of the papers filed with this Court and the Court of Appeals, and in view of the prevailing rates in this city for attorneys of Mr. Altman's background and experience, the Court concludes that $45/hour is fair and reasonable compensation for the work performed by him in this litigation.

(c) *Attorney Wegman.* Based on Ms. Wegman's legal education, the excellence of the papers filed with this Court and the Court of Appeals, and in view of the prevailing rates in this city for attorneys of Ms. Wegman's background and experience, the Court concludes that $35/hour is fair and reasonable compensation for the work performed by her in this litigation.

## IV. INCENTIVE FEE

In its initial award of attorneys' fees in this case, the Court, after considering four factors set forth by the Court of Appeals in *Evans v. Sheraton Park Hotel,* 164 U.S.App. D.C. 86, 503 F.2d 177 (1974), added to the award of attorneys' fees an incentive fee of 25 per cent. Plaintiff seeks and defendant opposes the award of a like incentive fee for the work performed by counsel after this Court's decision of April 1, 1976.

■ While, as previously emphasized, the quality of counsel's work has remained constant throughout this litigation, the attorneys' fees issue presented to the Court of Appeals was not unusually complex. Since plaintiff's discrimination complaint was settled, the only risk of nonrecovery on the appeal of this case was plaintiff's entitlement to attorneys' fees, and, despite the novelty of this issue, plaintiff's position had substantial support both in legal precedent and in policy. Thus, "the contingent nature of ultimate success in this litigation," *Lockheed Minority Solidarity Coalition v. Lockheed Missiles and Space Company,* 406 F.Supp. 828, 834 (N.D.Cal.1976), was greatly reduced during 1976 and 1977, the years for which plaintiff now seeks attorneys' fees compensation. Indeed, after the Court of Appeals' decision of June 30, 1977, plaintiff was assured of success and all of counsel's work on the supplemental attorneys' fees motion was without risk of noncompensation. Accordingly, the Court will award plaintiff an incentive fee of 10 per cent for counsel's work on the appeal of this case;

this incentive fee will adequately compensate counsel for the risk inherent in the appeal of this case. The Court will not, however, award any incentive fee for counsel's work on the supplemental motion for attorneys' fees.

## V. EXPENSES

Plaintiff seeks to recover $380.89 in expenses incurred for photocopying, transportation, postage and telephone costs, law clerk research, and the like. Defendant opposes the award of such compensation on the ground that 42 U.S.C. § 2000e–5(k) provides only for the award of attorneys' fees and costs which on appeal can be awarded only as provided by Fed.R.App.P. 39. Defendant does not, however, oppose the award of compensation for the reasonable amount of law clerk research time at $3.00 per hour.

█ In its initial award of attorneys' fees, the Court compensated plaintiff for the expenses incurred by counsel for photocopying, transportation, and the like. There appears to the Court to be no sound reason in law or in policy why attorneys' fees should be narrowly interpreted to exclude counsel's reasonable out-of-pocket expenses, and the majority of courts have approved the award of such out-of-pocket expenses. *See, e. g., Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444 (C.D.Cal.1974), *aff'd*, 12 E.P.D. ¶ 11,219 (9th Cir. 1976); *Peters v. Missouri-Pacific R. R. Co.*, 3 E.P.D. ¶ 8274 (E.D.Tex.1971), *aff'd*, 483 F.2d 490 (5th Cir.), *cert. denied*, 414 U.S. 1002, 94 S.Ct. 356, 38 L.Ed.2d 238 (1973); *Nesbit v. Statesville City Board of Education*, 418 F.2d 1040, (4th Cir. 1969); *Barth v. Bayou Candy Co.*, 379 F.Supp. 1201 (E.D.La.1974). It appearing to the Court that counsel's out-of-pocket expenses, including 40 hours of law clerk research at $3.00/hour, were reasonable, the Court will require the defendant to compensate plaintiff in the sum of $380.89 for out-of-pocket expenses of counsel.

## VI. INTEREST ON INITIAL ATTORNEYS' FEES AWARD

█ In addition to seeking the enforcement of the Court's Order of April 1, 1976, requiring defendant to compensate plaintiff for $8,770.36 in attorneys' fees, plaintiff now seeks an award of interest at 6 per cent per annum on the previously-awarded sum. Plaintiff cites no provision in Title VII which would authorize the assessment of interest against the United States on the April 1, 1976, award of attorneys' fees. Nor does she cite any authority that would except this case from the well-established rule that interest cannot be assessed against the United States "in the absence of an express provision to the contrary in the relevant statute or contract." *Richerson v. Jones*, 551 F.2d 918, 925 (3d Cir. 1977), quoting *United States v. Tillamooks*, 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951). *See Larionoff v. United States*, C.A. No. 626–73 (D.D.C. December 28, 1977). Accordingly, the Court must deny plaintiff's request for interest on the previous award of attorneys' fees.

## VII. METHOD OF PAYMENT

█ Defendant's final objection to plaintiff's supplemental motion for attorneys' fees is the proposed method of payment. Defendant opposes plaintiff's suggestion that payment of the attorneys' fees award in the amount determined by the Court should be made directly to plaintiff's counsel. Notwithstanding defendant's attempt to infer from the language of 42 U.S.C. § 2000e–5(k) some limitation on the permissible method of attorneys' fees payment, it is clear that the method of payment proposed by plaintiff is reasonable, consistent with the purposes of 42 U.S.C. § 2000e–5(k), and fully within this Court's authority. In its initial award of attorneys' fees, this Court ordered defendant to make payment directly to plaintiff's counsel, 411 F.Supp. at 1069, and there appears to be no reason to modify that method of payment at this time.

## VIII. CONCLUSION

Based upon the foregoing, the Court will award plaintiff attorneys' fees in the amount of $15,427.45, computed as follows:

APPEAL

| | | |
|---|---|---|
| Linda R. Singer, Esquire | | |
| 117¾ hours × $72/hour | $ | 8,478.00 |
| James Altman, Esquire | | |
| 34¾ hours × $45/hour | | 1,563.75 |
| Lydia N. Wegman, Esquire | | |
| 52 hours × $35/hour | | 1,820.00 |
| Subtotal | | 11,861.75 |
| Incentive Fee (10%) | | 1,186.18 |
| Subtotal | $ | 13,047.93 |

SUPPLEMENTAL FEES MOTION

| | | |
|---|---|---|
| Linda R. Singer, Esquire | | |
| 6½ hours × $72/hour | | 468.00 |
| Lydia N. Wegman, Esquire | | |
| 26½ hours × $35/hour | | 927.50 |
| Subtotal | $ | 1,395.50 |

PRE–APRIL 1, 1976 WORK

| | | |
|---|---|---|
| Linda R. Singer, Esquire | | |
| 7¾ hours × $60/hour | | 465.00 |
| James Altman, Esquire | | |
| ½ hour × $35/hour | | 17.50 |
| Subtotal | | 482.50 |
| Incentive Fee (25%) | | 120.63 |
| Subtotal | $ | 603.13 |

| | | |
|---|---|---|
| EXPENSES | | 380.89 |
| TOTAL | $ | 15,427.45 |

The Court will thus order defendant to pay to counsel for plaintiff the sum of $24,197.81, representing the sum of this Court's initial award of attorneys' fees ($8,770.36) and the present fees award.

An Order in accordance with the foregoing will be issued of even date herewith.