Rita JOHNSON et al., Plaintiffs,

v.

A. F. SUMMER et al., Defendants.

No. GC 77–12–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

Jan. 17, 1980.

Eugene M. Bogen, Wynn & Bogen, Greenville, Miss., for plaintiffs.

Nat W. Bullard, Teller, Biedenharn & Rogers, Vicksburg, Miss., for Vicksburg Municipal Sep. Sch. Dist.

Hubbard T. Saunders, IV, Sp. Asst. Atty. Gen., Jackson, Miss., for State, Summer, Ladner and Holladay.

Owen T. Palmer, Jr., Palmer, Stewart & Gaines, Gulfport, Miss., for Trustees of Gulfport Sep. Sch. Dist.

Don W. King, Ross & King, Biloxi, Miss., for Trustees of Biloxi Municipal Sep. Sch. Dist.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the plaintiffs' affidavit in support of entitlement to attorney's fees following the remand of the above-styled cause from the Fifth Circuit Court of Appeals. The questions involved in this action first arose when this court permanently enjoined the enforcement of Mississippi Code § 37–41–3 (Supp.1977), having determined that the section was unconstitutional both on its face, and as it was then applied. The defendant State of Mississippi appealed from that order of the court, but while the appeal was pending, the Mississippi legislature amended the offending statute so as to render the question of its constitutionality moot. The Fifth Circuit then dismissed the appeal, and remanded the action to this court for "an appropriate adjudication as to the reserved issue of attorney's fees." *Johnson v. State of Mississippi*, 586 F.2d 387, 388 (5th Cir. 1979).

On October 3, 1978, at the conclusion of a hearing before this court on the plaintiff's motion for an award of attorney's fees, the court rendered a bench opinion, finding that an award of $7,500 was a "reasonable fee under all the circumstances involved." In addition, the court allowed expenses in the amount of $200.78, and costs of $31.00. In awarding this amount, however, the court did not consider "the 15 hours spent by counsel in reviewing defendant's objection to the award of attorney fees and memoranda filed in support of such objection." The Court of Appeals has now concluded, however, that these hours should have been included:

> We conclude that attorney's fees may be awarded for time spent litigating the fee claim. The portion of the district court's

judgment refusing to consider fee claim time and costs is reversed. The determination of the extent to which the 15 hours claimed was reasonably necessary to review defendants' objections, we leave to the district court.

*Johnson v. State of Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979). The court also held that the plaintiffs were entitled "to fees for time spent protecting their fee award on appeal." *Id.* at 639. The action was then remanded to this court for proceedings consistent with the Fifth Circuit's opinion.

Counsel for the plaintiffs has now filed an affidavit in support of plaintiffs' entitlement to an award of attorney's fees. In that affidavit, counsel renews his previous request for reimbursement for 15 hours spent in reviewing the defendants' objections to plaintiffs' original motion for attorney's fees. Plaintiffs' counsel also alleges that he has spent 60.05 hours in handling the two appeals of this action to the Fifth Circuit. He requests that this court award a fee of $50.00 per hour, for a total of $3,750. In addition, counsel alleges that he is entitled to interest on this court's original award of $7,500, at the rate of 8% per annum from the date of the award, and interest on any further awards until paid by the defendant.

Defendant does not contest the reasonableness of the 15 hours spent by plaintiffs' counsel in reviewing defendants' objections to the original motion for attorney's fees, nor does the defendant contest the reasonableness of the 60 hours claimed as time spent on the two appeals. The defendants do object, however, to a rate of $50.00 per hour, and also to counsel's claim that he is entitled to interest on an award of attorney's fees. This memorandum will address itself to those two objections.

■■■ It is true, as defendants contend, that this court in the past, has not awarded $50.00 per hour as the standard rate for both in-court and out-of-court work. *See, e. g., Cole v. Tuttle*, 462 F.Supp. 1016 (N.D. Miss.1978). However, the award of attorney's fees is within the sound discretion of the district court, and the customary fee in

and around this district is only one of several factors which the court should consider in exercising its discretion. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974). The court must also consider such important factors as the time and labor required, the novelty and difficulty of the question, and the skill requisite to perform the service properly.[1] Moreover, the customary fee generally awarded in cases of this nature, is not a fixed or rigid standard; this court has recently allowed an award of $50.00 per hour for time spent in court, which represents an increase over the generally accepted and customary fee. *See Beckerman v. City of Tupelo*, No. EC 79–177–S (N.D.Miss. Dec. 28, 1979).

■ At the original hearing on plaintiffs' motion for an award of attorney's fees, this court found that the action sub judice was "of the type which . . . calls for the skill of an experienced trial attorney in order that it might be properly analyzed and presented to the court." Furthermore, the court found that "extraordinary skill is involved in connection with this particular case, and I should take this into consideration in arriving at my conclusion as to the amount of fee." These same observations are relevant to the pursuit of this case on the two appeals taken to the Fifth Circuit. The results obtained by plaintiffs' counsel were important ones, and counsel should be compensated at a rate commensurate with the degree of legal skill necessary to obtain those results. In *Johnson, supra*, the Fifth Circuit stated that "[i]f the decision corrects across-the-board discrimination affecting a large class of an employer's employees, the attorney's fee award should reflect the relief granted." 488 F.2d at 718. The results in this action are analogous, for, as this court found in its bench opinion, this action "involves students who attend schools in every municipal separate school district within the State of Mississippi—all students residing within those districts and all taxpayers of the municipalities throughout the state." Plaintiffs' attorney was awarded a fee for his work in this important litigation, and the Fifth Circuit has now held that he should be compensated for "time spent protecting [the] fee award on appeal." *Johnson v. State of Mississippi*, 606 F.2d at 639. Certainly this second award should be consistent with the first, for the plaintiffs' interests in this portion of the action are no less than their interests in the original action. The court finds, therefore, that the rate of $50.00 per hour will reasonably compensate plaintiffs' counsel for time spent in responding to defendants' objections to the original motion for attorney's fees, and for time spent on the two appeals in this action. The court will award the sum of $3,750.00 for 75 hours of legal services.

Defendants' second objection raises a more difficult legal question, one which bears directly upon this court's discretionary and equitable powers in awarding attorney's fees under 42 U.S.C. § 1988. Defendants contend that interest ·may not be awarded on attorney's fees under this section, for two reasons. First, the defendants contend that attorney's fees, awarded as part of the costs of the action under § 1988, cannot bear interest since interest is generally not allowed on court costs. Secondly, defendants argue that the language and legislative history of the statute controls, and the statute does not expressly authorize the payment of interest.

■ The court has been unable to locate any decisions or opinions which have discussed the allowance of interest on an award of attorney's fees under § 1988, but the defendant has cited two cases as authority for the contention that interest should not be allowed. In the first, *Parker v. Califano*, 443 F.Supp. 789 (D.D.C.1978), the court refused to allow interest on an award under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). The attorney's fees in that action were awarded against the United States, and the court found that the plaintiff did not

---

1. In considering these criteria established in *Johnson, supra*, the court in this opinion adopts its previous analysis in the bench opinion of October 3, 1978, except for those portions which were reversed and remanded by the Fifth Circuit.

cite any authority that would except this case from the well-established rule that interest cannot be assessed against the United States "in the absence of an express provision to the contrary in the relevant statute or contract." *Richerson v. Jones*, 551 F.2d 918, 925 (3d Cir. 1977) *quoting United States v. Tillamooks*, 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951).

443 F.Supp. at 794. The court notes, however, that in the passage quoted from *Richerson, supra,* it is clear that this general rule is applied only on claims against the United States. The court in *Richerson* expressly stated that a distinction may· be drawn between awards against private individuals, and awards against the United States. Indeed, the court cited to two cases which have allowed interest in employment discrimination actions against private employers. *See, Inda v. United Airlines Inc.,* 405 F.Supp. 426, 435 (N.D.Cal.1975); *Chastang v. Flynn. & Emrich Co.,* 381 F.Supp. 1348, 1351–52 (D.Md.1974), *cited in Richerson, supra,* at 925. However, these cases deal with the award of interest on the judgment itself, rather than on attorney's fees.

Defendants also cite the recent Fifth Circuit decision in *Carpa, Inc. v. Ward Foods, Inc.,* 567 F.2d 1316 (5th Cir. 1978), as controlling authority against the allowance of interest. In *Carpa,* the Fifth Circuit held that post-judgment interest on an award of attorney's fees was not allowable under the Clayton Act, 15 U.S.C. § 15, on the grounds that attorney's fees are considered as part of the costs under that statute, and costs traditionally do not bear interest. Furthermore, the court held that

Congress manifested a strong remedial purpose in its decision to reverse the historical pattern and provide for the award of attorneys' fees to victorious plaintiffs in antitrust actions. However, Congress did not see fit to reverse the traditional practice of not awarding interest on court costs. . . . In the absence of further Congressional guidance, and in light of the fact that the provision of treble damages as well as attorneys' fees in the antitrust law affords sufficient scope to

the remedial purposes . . . we see no basis for stretching the applicable statutory language to provide interest on the award of attorneys' fees to successful antitrust plaintiffs.

567 F.2d at 1323. If the court had ended its discussion of this issue at that point, this court might be inclined to agree that in the absence of express statutory authority, interest should not be allowed. However, the court went on to state that its holding was expressly limited to claims under the Clayton Act:

Congress could, of course, provide that attorneys' fees bear interest. Our holding that attorneys' fees in antitrust cases are not to bear interest implies nothing whatsoever about the propriety of interest on attorneys' fees authorized by other statutes. The language and history of a given statute might suggest that the public purposes underlying the statutory authority for attorneys' fees would be materially advanced by allowance of interest, and the absence of a treble damage provision which complements the attorneys' fee provision would also require consideration.

567 F.2d at 1323. This holding, even though *in dicta*, indicates that this court would have the power to award interest on attorney's fees in appropriate circumstances, where the court believes that the purpose of the statute providing for the award of fees would be enhanced. The court is of the opinion that this action presents such proper circumstances, and, for the following reasons, this court holds that the allowance of interest is proper, in this particular case, on an award of attorney's fees under § 1988.

■ The legislative history of the 1976 amendment to § 1988, providing for attorney's fees in civil rights cases, indicates that the section must be broadly and liberally construed to achieve its intended purpose. *See, e. g., Nadeau v. Helegmoe,* 581 F.2d 275 (1st Cir. 1978); *Mid-Hudson Legal Services, Inc. v. G. & U., Inc.,* 578 F.2d 34 (2d Cir. 1978); *Donaldson v. O'Connor,* 454

F.Supp. 311 (N.D.Fla.1978). That purpose is twofold: first, § 1988 is intended to compensate counsel who represent the prevailing litigants in civil rights claims, and; secondly, the award of attorney's fees is intended to encourage individuals to seek judicial relief, particularly those who might not otherwise attempt to vindicate their rights. The Senate Report to the 1976 amendment states:

> In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.

S.Rep.No.94–1011, 5 U.S.Code Cong. & Admin.News, pp. 5908, 5910 (94th Cong. 2d Sess. 1976). Thus, the private citizen's inability to vindicate his rights adequately calls for a broad exercise of this court's equitable and discretionary powers in effectuating the purposes of § 1988. This is particularly true where, as in this action, the individual is faced with opposition from a State, with the entire resources of the State government supporting the litigation.

Many attorneys consider it part of their ethical and professional responsibility to handle litigation *pro bono publico*. Congress has now provided an incentive for attorneys to aid private individuals in seeking compliance with Federal laws. If this court is to carry out that legislative intent, it must not deter in any way that incentive which Congress has necessarily created. The history of this litigation demonstrates that, despite the provision for fee-shifting created in § 1988, the ability of a private individual to enforce the civil rights statutes is impaired by the opposing resources of the State. If an attorney knew that an order of this court providing for reasonable fees were to remain unenforced for well over a year, while the defendant continues to oppose the claim through the appellate process and by other means, that attorney might be deterred from handling any form of *pro bono* litigation. This court believes that such a result is clearly contrary to the purposes of the 1976 amendment to § 1988. Congress has stated that "the effects of fee awards are ancillary and incident to securing compliance with these laws, and that fee awards are an integral part of the remedies necessary to obtain such compliance." S.Rep.No.94–1011, *supra*, at 5913. This court must take all steps necessary to ensure that this ancillary method of seeking compliance is effective.

In *Johnson v. Georgia Highway Express, Inc., supra*, the Fifth Circuit considered the criteria and standards to be utilized in awarding fees to successful litigants under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(k). The court stated that this "statute was not passed for the benefit of attorneys but to enable litigants to obtain competent counsel worthy of a contest with the caliber of counsel available to their opposition and to fairly place the economical burden of Title VII litigation." 488 F.2d at 719. This court believes that an award of interest on attorney's fees under § 1988 is consistent with this rationale, for it will help to counter the deterrence of otherwise competent and eager counsel from participating in protracted litigation, and it will also "fairly place the economical burden" faced by a prevailing party and his counsel where the fee award remains unpaid for an excessive length of time.

On two previous occasions this court has determined that an award of attorney's fees should bear interest. Both of these cases involved either the State of Mississippi, or individual officers and agents of the State acting in their official capacities, as defendants. In *Gates, et al. v. Collier, et al.*, GC 71–6–K (N.D.Miss. April 10, 1979), Chief Judge Keady entered a judgment providing that the sum of fees awarded should bear interest at the rate of 8% per annum from the date of the judgment until paid. The court takes note of the fact that *Gates* is presently on appeal to the Fifth Circuit, and that the issue of assessing interest has been argued and is presently under advisement.

*Gates v. Collier*, No. 79–1844. Similarly, in *Armstrong et al. v. Reed, et al.*, GC 74–118–S (N.D.Miss. Aug. 7, 1979), this court entered an order requiring the State defendants to submit a requisition to the State Auditor for a warrant upon the State Treasurer, for the payment of attorney's fees plus 8% per annum from the date of the award. Both of these cases involved protracted litigation, as does this one, a factor which leads this court to conclude that the assessment of interest is well within the court's equitable powers.

The court will therefore enter an order providing for interest at 8% per annum on the award of $7,500.00 previously entered, and also for an award of $3,750.00 as reasonable attorney's fees, together with 8% interest per annum from the date of the order until paid.