# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00781-SCT

*ROBERT P. THEOBALD AND KARLEEN D. THEOBALD*

*v.*

*RUSTY NOSSER AND KAREN L. NOSSER*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/17/2000 |
| TRIAL JUDGE: | HON. VICKI R. BARNES |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | DAVID M. SESSUMS |
| ATTORNEY FOR APPELLEES: | W. BRIGGS HOPSON, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AS MODIFIED ON DIRECT APPEAL AND CROSS-APPEAL-03/29/2001 |
| MOTION FOR REHEARING FILED: | 4/5/2001; denied 5/17/2001 |
| MANDATE ISSUED: | 5/24/2001 |

### BEFORE PITTMAN, C.J., MILLS AND COBB, JJ.

### COBB, JUSTICE, FOR THE COURT:

¶1. This dispute arises from an improperly executed promissory note offered by Karen L. and Rusty Nosser in exchange for a grocery store owned by Robert P. and Karleen D. Theobald. This Court has previously heard this case, and details of the underlying facts are contained in the prior opinion found at ***Theobald v. Nosser***, 752 So.2d 1036 (Miss. 1999). Finding no reversible error in the chancery court's judgment on remand from our prior decision, we affirm, but modify the judgment to reduce it by fifteen percent pursuant to Miss. Code Ann. § 11-3-23 (1991).

## FACTS AND PROCEEDINGS BELOW

¶2. The Theobalds agreed to sell their grocery store to the Nossers for the sum of $175,000. Mr. Theobald provided a promissory note which was signed by Mr. and Mrs. Theobald and Mr. and Mrs. Nosser on February 28, 1997. *Id.* at 1038. This note described the store by title and physical address, stated that $175,000 was due the Theobalds on March 31, 1997, and stated that "[i]f this Note is not paid promptly in accordance with its terms, the Undersigned agrees to pay all costs of collection, including reasonable attorney fees." The Nossers made a number of improvements to the store and operated it until April, 1997, when they ceased their operations and instructed an employee to deliver the key to the store to Mr. Theobald. The Theobalds eventually sold the store to a third party for $160,000. *Id.* at 1038-39.

¶3. The Theobalds filed suit in the Warren County Chancery Court seeking specific performance or,

alternatively, money damages for the Nossers's breach of the terms of the promissory note. *Id.* at 1039. The chancery court held that a valid contract was formed, but that the Theobalds' damages were offset by improvements made to the store by the Nossers. *Id.* at 1038-39.

¶4. On appeal, this Court affirmed the ruling that a contract had been formed, but reversed on the issue of damages, holding that the Theobalds should have been awarded a total of $16,425.10. This sum included damages for the breach and for incidental damages, as well as attorney's fees (as provided for by the terms of the note). *Id.* at 1043-44. Later, this Court awarded $2000 in additional attorney's fees to the Theobalds on appeal.

¶5. On remand, the Theobalds argued before the chancery court that they were entitled to interest on their damages award dating back to the time of the contract breach rather than the time of the Supreme Court judgmec. The chancery court awarded the Theobalds $198 in post-judgment interest, $400 as attorney's fees on the remand and $1,804 on the costs of the appeal, but denied the Theobalds' request for pre-judgment interest. The Theobalds appeal, raising the following issues:

> **I. THE LOWER COURT ERRED IN ONLY AWARDING POST-JUDGMENT INTEREST FROM AND AFTER THE DATE OF THE SUPREME COURT'S REVERSAL ON DECEMBER 16, 1999, REVERSING THE DECISION OF THE LOWER COURT DATED JULY 31, 1998.**
>
> **II. THE LOWER COURT ERRED IN DENYING INTEREST ON THE $2000.00 ATTORNEY'S FEES AWARDED ON APPEAL BY THE MISSISSIPPI SUPREME COURT.**
>
> **III. THE LOWER COURT ERRED IN AWARDING $400.00 AS REASONABLE ATTORNEY'S FEES ON THE THEOBALDS' POST-REVERSAL EFFORTS AT COLLECTING THE AMOUNTS OWED TO THEM.**

¶6. The Nossers, on cross-appeal, raise three issues, two of which are simply restatements of Issues I and II, and the other being as follows :

> **IV. THE APPELLANTS FAILED TO REQUEST A MOTION FOR REHEARING IN ACCORDANCE WITH RULES 40 AND 41 OF THE MISSISSIPPI RULES OF APPELLATE PROCEDURE AND CONSEQUENTLY THE LOWER COURT EXCEEDED ITS AUTHORITY IN AWARDING THE APPELLANTS ATTORNEY FEES.**

## ANALYSIS

### I. SHOULD THE CHANCERY COURT HAVE ASSESSED PREJUDGMENT INTEREST AGAINST THE NOSSERS?

¶7. An award of prejudgment interest is reviewed for abuse of discretion. *Aetna Cas. & Sur. Co. v. Doleac Elec. Co.*, 471 So.2d 325, 331 (Miss.1985). This Court has stated:

> Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit. Prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or when the denial of a claim is frivolous or in bad faith.

No award of prejudgment interest is allowed where the principal amount has not been fixed prior to judgment. Prejudgment interest is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue. For prejudgment interest to be awarded, the party must make a proper demand for the interest in the pleadings, including the date that it was allegedly due.

*Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So.2d 574, 577 (Miss. 1998)(internal citations omitted) (permitting prejudgment interest where damages could not be reasonably disputed). The Theobalds reason that their damages were in fact liquidated since the damages could have been easily computed but for the trial court's error in initially holding that they were not entitled to damages at all. Needless to say, this novel interpretation flies in the face of the generally accepted definition of liquidated damages, i.e., damages for breach of contract set by the terms of the contract itself. *Black's Law Dictionary* 941 (7th ed. 1999). Since there was a legitimate dispute about how much was owed by each party and there was no specific liquidated damages clause in the note, the damages must be viewed as unliquidated.

¶8. The Nossers assert that the Theobalds did not request prejudgment interest until the hearing before the chancery court after this Court had issued its opinion. That assertion is supported by the chancery court, which found that the Theobalds did not make a proper demand for prejudgment interest, and by the Theobalds' own complaint, which specifically asked for "legal interest **after** date of judgment." In light of all these factors, we conclude that the chancery court did not abuse its discretion in denying the Theobalds prejudgment interest.

### II. SHOULD THE LOWER COURT HAVE ASSESSED INTEREST ON THE $2000.00 ATTORNEY'S FEES AWARDED ON APPEAL BY THE MISSISSIPPI SUPREME COURT?

¶9. The chancery court's findings of fact reiterated that this Court awarded $16,425.10 in damages and $118 in initial court costs to the Theobalds. On January 14, 2000, this Court further awarded the Theobalds $2000 in attorney's fees. On February 9, 2000, the Nossers paid the Theobalds $18,543.10, the sum of these figures. Still unsatisfied, the Theobalds assert that they are also entitled to interest on the $2000 in attorney's fees for the 55 days between January 14 and February 9.

¶10. In support of their argument, the Theobalds cite *Johnson v. Summer*, 488 F. Supp. 83 (N.D. Miss. 1980), which the chancery court had previously rejected as not being on point. In *Johnson*, a federal court judge, interpreting 42 U.S.C. § 1988, concluded that the legislative history of § 1988 supported the awarding of interest on attorney's fees where doing so was necessary to enhance the civil rights purpose of the statute. *Johnson*, 488 F. Supp. at 86. The Theobalds offer no other authority or rationale for awarding interest on attorney's fees in a case based on common law contract principles. We agree that the chancery court was correct in finding that *Johnson* is not on point. The chancery court did not err in denying the Theobalds' interest on the post-judgment attorney's fees.

### III. WHAT ATTORNEY'S FEES, IF ANY, SHOULD THE LOWER COURT HAVE ASSESSED AGAINST THE NOSSERS FOR THE THEOBALDS' POST-REVERSAL EFFORTS AT COLLECTING THE AMOUNTS OWED TO THEM?

### IV. DID THE LOWER COURT EXCEED ITS AUTHORITY IN AWARDING ATTORNEY FEES TO THE THEOBALDS, SINCE THEY DID NOT REQUEST A

## MOTION FOR REHEARING BEFORE THE SUPREME COURT?

¶11. The Theobalds argue that the lower court erred in limiting its award of attorney's fees on remand since they provided evidence that they had actually incurred $781.25 in attorney's fees and the Nossers did not challenge that figure as being unreasonable. The Nossers, on the other hand, assert that the chancery court should not have awarded attorney's fees at all on the theory that the Theobalds should have sought a rehearing from this Court rather than pursuing new theories in chancery court.

¶12. The chancery court did not err in holding a hearing to establish definitively the amount the Nossers owed. Indeed, this Court specifically chose to remand the case rather than simply render it. The Nossers' assertion that the Theobalds could only pursue interest by a motion for rehearing is incorrect. *See generally* Miss. Code Ann. § 75-17-7 (2000); *Preferred Risk*, 730 So.2d at 580.

¶13. The propriety and quantum of attorney's fees is committed to the sound discretion of the awarding judge and must be supported by credible evidence. ***Young v. Huron Smith Oil Co.,*** 564 So.2d 36, 40 (Miss. 1990)(reversing award of attorney's fees that exceeded attorney's normal hourly rate). The chancery court's basis for granting attorney's fees on remand arose from a clause in the original contractual agreement which states: "[i]f this Note is not paid promptly in accordance with its terms, the Undersigned agrees to pay all costs of collection, including reasonable attorney's fees." On the issue of whether those attorney's fees were reasonable or not, the Legislature has provided:

> In any action in which the court is authorized to award reasonable attorneys' fees, the court shall not require the party seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation; provided however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.

Miss. Code Ann. § 9-1-41 (1991).

¶14. As this statute makes clear, the evidence put forth by the Theobalds could be considered by the chancery court in its determinations, but the court was still entitled to use its own experience and observation in making the final determination as to what fees were appropriate. The chancery court did not abuse its discretion in awarding only part of the requested attorney's fees to the Theobalds on remand.

¶15. Although the Nossers did not identify it as an issue for review on cross-appeal, their brief does contain a one sentence request as follows: "Pursuant to § 11-55-5 of the Mississippi Code Annotated (1972), and Rule 38 of the Miss. R. App. Pro., [we] would request costs and fees for the improper trial court hearing and this meritless appeal." However, they did not argue this point, nor did they cite any authority beyond the bare code section and rule numbers. M.R.A.P. 28(a)(6) provides: "The argument shall contain the contentions of [cross] appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statues and parts of the record relied on." The Nossers have not met their burden of persuasion, and thus this Court is unable to assess this request on its merits.

¶16. However, by statute, unsuccessful appellants are to be charged with fifteen percent of the judgment if it is a final judgment of the type specified by the statute and is affirmed unconditionally by the Mississippi Supreme Court. Miss. Code Ann. § 11-3-23 (1991). The judgment that forms the basis of this fifteen

percent award is the judgment appealed from rather than the amount of any earlier judgment. ***Koehring Co. v. Hyde Constr. Co.*** 236 So.2d 377, 382 (Miss. 1970)("The sum of money on which the statute contemplates damages to be rendered is that which appears from the judgment to be due when the judgment was rendered, and for which a recovery was awarded"). Where an appellant is awarded a judgment below but appeals seeking a larger judgment, the previous judgment will be reduced by fifteen percent if the appeal is unsuccessful. ***Benson v. Benson***, 749 So.2d 75, 76 (Miss. 1999)(assessing 15% penalty against appellant's $250,000 lump sum alimony payment awarded by court below). Section 11-3-23 is not implicated where an appellee who cross-appeals is unsuccessful, although that appellee is still entitled to collect the penalty if the original judgment is affirmed. ***Benson***, 749 So.2d at 76.

¶17. Because this Court affirms the chancery court, the elements of § 11-3-23 are satisfied. Therefore, we assess a fifteen percent penalty against the $198.00 in post-judgment interest, $400.00 in attorney's fees on remand and $1804.00 in costs of the first appeal awarded by the chancery court - - for a total penalty of $360.30 against the Theobalds.

## **CONCLUSION**

¶18. Based on the foregoing analysis, the Theobalds are not entitled to prejudgment interest, interest on the attorney's fees awarded by this Court or additional attorney's fees for the remand hearing. Likewise, the Nossers are not entitled to reversal of the chancery court's order that they pay $400 in attorney's fees for the remand hearing, although that amount is reduced by the fifteen percent penalty assessed here against the Theobalds pursuant to § 11-3-23. Thus, the judgment of the Warren County Chancery Court is affirmed as modified here to reduce the total award of costs, attorney's fees, and post-judgment interest to $2,041.70.

¶19. **AFFIRMED AS MODIFIED ON DIRECT APPEAL AND CROSS-APPEAL.**

**PITTMAN, C.J., BANKS, P.J., MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. SMITH, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**