UNITED STATES *v.* ALCEA BAND OF
TILLAMOOKS ET AL.

No. 281.  Argued March 2, 1951.—Decided April 9, 1951.

*Solicitor General Perlman* argued the cause for the
United States.  With him on the brief were *Assistant
Attorney General Vanech, Stanley M. Silverberg, Roger
P. Marquis, Fred W. Smith* and *Marvin J. Sonosky.*

*L. A. Gravelle* and *Edward F. Howrey* argued the cause
for respondents.  With them on the brief were *Douglas
Whitlock* and *John G. Mullen.*

PER CURIAM.

The facts leading to this controversy are fully set forth
in *United States* v. *Alcea Band of Tillamooks,* 329 U. S.
40 (1946), where this Court affirmed a judgment of the
Court of Claims that certain named Indian tribes "are
entitled to recover" compensation for the taking of orig-
inal Indian title by the United States in 1855.  The
amount of recovery was reserved expressly for the further
proceedings which are before the Court in this case.
After the affirmance, the Court of Claims heard evidence
on the amount of recovery and entered a judgment for
the value of the lands as of 1855 plus interest from that

date. 115 Ct. Cl. 463, 87 F. Supp. 938. We granted certiorari limited to the question presented by the award of interest. 340 U. S. 873 (1950).

It is the "traditional rule" that interest on claims against the United States cannot be recovered in the absence of an express provision to the contrary in the relevant statute or contract. 28 U. S. C. (Supp. III) § 2516 (a). *United States* v. *Thayer-West Point Hotel Co.,* 329 U. S. 585, 588 (1947), and cases cited therein. This rule precludes an award of interest even though a statute should direct an award of "just compensation" for a particular taking. *United States* v. *Goltra,* 312 U. S. 203 (1941). The only exception arises when the taking entitles the claimant to just compensation under the Fifth Amendment. Only in such cases does the award of compensation include interest. *Seaboard Air Line R. Co.* v. *United States,* 261 U. S. 299 (1923); *United States* v. *Thayer-West Point Hotel Co., supra.*

Looking to the former opinions in this case, we find that none of them expressed the view that recovery was grounded on a taking under the Fifth Amendment. And, since the applicable jurisdictional Act, 49 Stat. 801 (1935), contains no provision authorizing an award of interest, such award must be

*Reversed.*


MR. JUSTICE JACKSON took no part in the consideration or decision of this case.