**Carl R. GRAY, Jr., Administrator of Veterans' Affairs, Appellant,**

v.

**DUKEDOM BANK, Appellee.**

No. 12062.

United States Court of Appeals
Sixth Circuit.

Oct. 16, 1954.

C., Armistead O. Denning, Nashville, Tenn., Paul A. Sweeney, Washington, D. C., on brief, for appellant.

Harry Phillips, Weldon B. White, Nashville, Tenn., Allen J. Strawbridge, Dresden, Tenn., on brief, for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

The appellee, Dukedom Bank, a State bank at Dukedom, Tennessee, proceeding under the provisions of section 694, Title 38, U.S.C.A., providing for Servicemen's Readjustment Benefits with respect to guaranteed loans, recovered a judgment in the District Court on October 17, 1952 against the appellant as Administrator of Veterans' Affairs in the amount of $5,918.57 on a Government guarantee of a loan to servicemen. On October 24, 1952, the Government filed a motion for a new trial, which was overruled on April 8, 1953. Payment of the judgment was deferred during the pendency of this motion. No appeal was taken by the appellant, but delay in making payment continued for some time after the motion was overruled. Because of such delay, the appellee, on July 6, 1953, filed a motion to require appellant to pay interest on the judgment at 4% per annum from October 17, 1952. On July 17, 1953, the judgment was paid in the amount rendered without any interest. On August 5, 1953, the District Judge sustained the motion for interest and entered judgment against the appellant in the amount of $177.54, being interest from October 17, 1952 to the date of payment July 17, 1953. The present appeal is from this judgment for interest.

■ Rule 59(e), Rules of Civil Procedure, 28 U.S.C., provides "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Rule 6(b) authorizes the Court under certain conditions to enlarge the time limits provided by some of the Rules, but also provides that the Court "may not extend the time for taking any action under rules * * * 59 (b), (d) and (e), * * * except to the

Hubert H. Margolies, Washington, D. C., Warren E. Burger, Washington, D.

extent and under the conditions stated in them." The amended or supplemental judgment of August 5, 1953 awarding interest was accordingly not authorized and must be reversed. Principale v. Associated Gas & Electric Co., 2 Cir., 192 F.2d 1016.

In our opinion, the amended or supplemental judgment of August 5, 1953 was not the correction of a clerical mistake in the original judgment or the correction of an error arising from oversight or omission which, under Rule 60(a), Rules of Civil Procedure, may be corrected by the Court at any time. The District Court in its Findings of Fact and Conclusions of Law made no provision for the payment of interest. There was no clerical mistake in the judgment which was in accordance with the findings and conclusions.

██ Interest on claims against the United States, even where payment has been unreasonably delayed, does not follow automatically upon the allowance of the claim. In the absence of constitutional requirements interest can be recovered against the United States only if express consent to such a recovery has been given by Congress. Tillson v. United States, 100 U.S. 43, 25 L.Ed. 543; United States v. N. Y. Rayon Importing Co., 329 U.S. 654, 67 S.Ct. 601, 91 L.Ed. 577; United States v. Alcea Band of Tillamooks, 341 U.S. 48, 71 S.Ct. 552, 95 L.Ed. 738; See 28 U.S.Code, §§ 2411(b), 2516, 2674. There is no express provision in the Servicemen's Readjustment Act, under which this suit was filed, providing for such interest. In our opinion, the allowance or disallowance of interest on the judgment in this case presented a question of law for the District Court. Its failure or refusal to allow interest in the original judgment was a judicial ruling, which could have been reviewed in the usual way. Reed v. Howbert, 10 Cir., 77 F.2d 227; Goldreyer v. Cronan, 76 Conn. 113, 55 A. 594; Howland v. Superior Court, 127 Cal.App. 695, 16 P.2d 318; Green v. Hoffman, 126 Colo. 104, 251 P.2d 933.

The judgment is reversed.