**UNITED STATES of America,**
**Plaintiff,**

v.

**STATE OF ALASKA, City of Juneau,**
**Alaska, and Walter D. Field,**
**Defendants.**

**Civ. No. J–5–61.**

United States District Court
D. Alaska.

Oct. 10, 1961.

As Corrected Oct. 24, 1961.

Warren C. Colver, U. S. Atty., Anchorage, Alaska, and Joseph H. Shortell, Asst. U. S. Atty., Juneau, Alaska, for plaintiff.

Ralph E. Moody, Atty. Gen. of Alaska, and Avrum M. Gross, Asst. Atty. Gen. of Alaska, for defendant State of Alaska.

F. O. Eastaugh, Juneau, Alaska, for defendant City of Juneau.

Robert Boochever, Juneau, Alaska, for defendant Walter D. Field.

HODGE, Chief Judge.

Plaintiff brings this action to quiet title to certain tidelands situate within the City of Juneau adjacent to the Juneau Indian Village, claiming to be the owner in fee simple of said tidelands and that the claims of the defendants as to any estate or interest in and to the lands adverse to the plaintiff are without right. Jurisdiction of this court is obtained under the provisions of Section 1345, Title 28 U.S.C.A.

It appears from the briefs and oral argument that the plaintiff claims the land is owned by the United States for the use of the Thlingit Indians of Juneau and that the action is actually brought for their benefit. The State of Alaska claims title by virtue of a grant of tidelands to it by Act of Congress, the City of Juneau by conveyance from the State, and the defendant Field as lessee from the City. The complaint prays for a permanent injunction enjoining the defendants from asserting any claim whatsoever to said land or premises. Upon a showing of irreparable injury, a preliminary injunction was issued restraining the defendants from proceeding with filling operation of said tidelands, or construction work on the same, until the matter of the Indian rights can first be determined.

The defendants have jointly filed a motion to dismiss the complaint upon the grounds that it fails to state a claim against the defendants upon which relief can be granted. This motion is supported by a memorandum raising the issue that a decision of the former United States District Court for the District (Territory) of Alaska, First Division, in the case of United States v. 10.95 Acres of Land at Juneau, 75 F.Supp. 841, 11 Alaska 518, is res judicata of the issues

in this case. In a subsequent motion for summary judgment the defendants raise the same issue. This question will first be considered.

 Plaintiff, in opposition to the motion to dismiss, contends that the bar of res judicata cannot be raised by motion to dismiss unless the details of the former litigation are set out in the complaint. Ordinarily the defense of res judicata is pleaded as an affirmative defense under the Federal Rules of Civil Procedure, rule 8(c), 28 U.S.C.A. However, there is some authority to the effect that where the substantive rights of the parties are not endangered, the manner of raising the defense is unimportant and that a motion of this kind may be treated as a motion for summary judgment. 348 Bloomfield Avenue Corp. v. Montclair Mfg. Co., D.C.N.J., 90 F. Supp. 1020; Hartmann v. Time, Inc., 3 Cir., 166 F.2d 127, 1 A.L.R.2d 370; Nichols v. Alker, D.C.N.Y., 126 F.Supp. 679. In any event it is clear that the issue may be raised on a motion for summary judgment setting up a former judgment between the parties involving the same issue.

The controlling question before the court is whether or not the judgment in the former case is in effect a bar to this suit or estops the plaintiff from asserting its claim to the tidelands involved. The case relied upon was a proceeding to condemn on behalf of the United States a tract of land described as the "Juneau Subport of Embarkation" area, consisting of tidelands near the Indian Village in Juneau in which certain defendants, who were Indians residing in the adjacent village, filed claims thereto as the "aboriginal users or occupants of, and in the exclusive possession of, and entitled to the exclusive possession of the land." From an order sustaining plaintiff's demurrer to the answer asserting such claims defendants appealed. The Circuit Court of Appeals reversed in Miller v. United States, 9 Cir., 159 F.2d 997, holding that while the defendants could not recover under their theory of aboriginal title, the allegations of their answer were broad enough to include a claim of possessory rights under Section 8 of the the Act of May 17, 1884, 23 Stat. 26. Following a trial on the merits, the District Court, Folta, Judge, held that the evidence was insufficient to establish possessory rights of the Indians under the Act referred to.

 The doctrine of res judicata precludes parties or their privies in interest from re-litigating an issue of fact or law subsequent to a judicial determination of that issue. The doctrine applies where the subject matter is the same, the parties and their privies are the same, the issues of fact are the same, and there is no different cause of action. 30A Am.Jur., Judgments, Secs. 326, p. 373; 393, p. 441; 396, p. 445; 371, p. 411; 373, p. 418.

 These essential elements do not appear in this case. In the first place, it is not clear from the record in this case or the former case, being No. 4940–A of the former court, nor the maps tendered as an exhibit in the present case and filed as exhibits in the former case, that the tract of land is the same, or included in the condemnation suit. The lands involved in the present action are described in the complaint as:

"An area of tidelands adjacent to the Juneau Indian Village and located Southeasterly of Willoughby Avenue and extending to deep ocean water and bounded by the Salvation Army building on the Southwest and the street from Willoughby Avenue to the Subport Area on the Northeast; that a portion of said tidelands is now described as Lots 2 and 7 of Block 66 of the proposed Tidelands Subdivision of the City of Juneau; that Lots 2 and 7 contain 29,733 sq. ft. and are located adjacent to and Southeasterly of Willoughby Avenue."

The tidelands involved in the condemnaton suit are described by metes and bounds, containing 10.95 acres, equivalent to 476,982 sq. ft., and it will be noted that the lands involved in the present

suit extend to the "Subport Area." It may be that the lands here involved are the same or similar to the tidelands described on page 843 of the opinion in 75 F.Supp. in the condemnation suit as the "contiguous area" to the lands being condemned, the value of which defendants alleged was reduced by reason of the taking of the subport area; but even this is not clear.

The parties are not the same. The defendants cite authority to the effect that this case falls into the category of a class action, thereby binding all parties similarly situated in regard to the particular property, and that the United States in this case is merely a nominal party representing the Indians who were the real parties in interest in the previous case. There is no showing that the Indians appearing as claimants in the condemnation suit were represented as a class. In fact, Judge Folta, in commenting upon this matter, stated [75 F. Supp. 844]:

"It is impossible to determine from the testimony whether the defendants claim possessory rights as individuals or as a community."

Neither is there any showing that the claimants appearing in such suit and the Indians here involved are the same, except that apparently they occupy the same village.

Defendants also claim that there need not be a mutuality of interest where the plea of res judicata is asserted against a party, citing Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 19 Cal. 2d 807, 122 P.2d 892 and other cases. It does appear that some courts have abandoned the usual requirement of mutuality and that one not a party or privy to a judgment may assert res judicata as a plea against a party bound by such judgment. 30A Am.Jur., Judgments, Sec. 392, p. 440. It would seem wholly illogical to apply such exception to the general rule where the rights claimed by the United States in the earlier litigation are essentially different than the rights here asserted.

The issues of fact are likewise not the same. In the condemnation suit the court found (75 F.Supp. at page 843):

"The evidence relating to use and occupancy was not confined to the subport area and the so-called contiguous area, but related to the entire area of tidelands which the defendants allege they originally used";

and the use claimed by the Indians related to navigating and anchoring boats and gathering shellfish in the entire area, as to which the court found that if this contention were sustained:

"It is doubtful whether the future State will come into the possession of any tideland whatever upon admission into the Union."

On the other hand, in the present case the claim of Indian rights is only as to the tidelands immediately in front of their Indian village, the exclusive possession and occupancy of which village is not questioned by the defendants; and the use and occupancy claimed is actually as a harbor for the village.

The issues of law are not the same, as we are not here concerned with a question of compensable interest for land taken by the United States but rather with the use and occupancy of lands claimed by the United States. There is also involved an additional issue of law as to the effect of subsequent legislation relating to such tidelands.

The former judgment cannot, therefore, be considered as res judicata so as to bar the present action or estop the plaintiff from asserting its claim to the specific tidelands here involved.

The decision of the Circuit Court of Appeals for this Circuit in Miller v. United States and of Judge Folta in the condemnation suit, together with the cases cited therein, are controlling as to the law of this case regarding possessory rights of the Indians to lands occupied by them under the Act of May 17, 1884.

Subsequent legislation has not changed this rule nor, as contended by plaintiff, created any new or additional rights to

those granted or reserved to the Indians by said Act. Section 8 of such Act (23 Stat. 26) provided:

"That the Indians or other persons in said district shall not be disturbed in the possession of any lands actually in their use or occupation or now claimed by them but the terms under which such persons may acquire title to such lands is reserved for further legislation by Congress * * *."

In 1891 Congress had passed an Act providing for townsite and trade and manufacturing site acquisition in Alaska (26 Stat. 1095), providing that no such land shall be sold or be a part of the townsite:

"to which the natives of Alaska have prior rights by virtue of actual occupation."

In 1957 Congress passed what is known as the Tidelands Act (Act of September 7, 1957, 71 Stat. 623, 48 U.S.C.A. § 455), granting to the Territory of Alaska all tidelands, excepting from the grant (Sec. 455b):

"(c) any land which, on the date of approval of this Act, is held, or any land in which, on the date of approval of this Act, any interest is held, by the United States for the benefit of any tribe, band, or group of Indians, Aleuts, and Eskimos or for individual Indians, Aleuts, and Eskimos; * * *."

Section 4 of the Alaska Statehood Act (Act of July 7, 1958, 72 Stat. 339, 48 U.S.C.A. preceding section 21) as amended by the Alaska Omnibus Act (73 Stat. 141), providing for the admission of the State of Alaska into the Union, provides that the State and its people forever disclaim all right and title to

" * * * any lands or other property (including fishing rights), the right or title to which may be held by any Indians, Eskimos, or Aleuts (hereinafter called natives) or is held by the United States in trust for said natives; that all such lands or other property (including fishing rights), the right or title to which may be held by said natives or is held by the United States in trust for said natives, shall be and remain under the absolute jurisdiction and control of the United States until disposed of under its authority, * * *."

The 1957 and 1958 Acts do not, as suggested by plaintiff, grant tidelands which on the date of approval of the Act were "occupied and used" by the Alaska natives, but simply provide that all rights or interest of the United States in lands which are "held" by the United States for the benefit of the Indians, or "held" by the Indians or in trust for them, remain under the control of the United States. No new right or title had meanwhile been created by Congress as provided by the Act of 1884. The rights so held and reserved must, therefore, be determined to be the rights preserved by the Act of 1884.

We are not here concerned with the matter of "aboriginal title," or "recognized or unrecognized Indian title," discussed by the Supreme Court in Tee-Hit-Ton Indians v. United States, 1955, 348 U.S. 272, 75 S.Ct. 313, 99 L.Ed. 314, 15 Alaska 418, and United States v. Alcea Band of Tillamooks, 1946, 329 U.S. 40, 67 S.Ct. 167, 91 L.Ed. 29; 341 U.S. 48, 71 S.Ct. 552, 95 L.Ed. 738, also referred to in Hynes v. Grimes Packing Co., 1949, 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231. These cases hold that the taking by the United States of any such "unrecognized Indian title" is not compensable under the Fifth Amendment to the Constitution of the United States; and that "Indian occupancy, not specifically recognized as ownership by action authorized by Congress, may be extinguished by the Government without compensation." 348 U.S. at pages 285, 289, 75 S.Ct. at pages 320, 322, Tee-Hit-Ton Indians case. No issue is here involved as to such compensable interest nor the taking of the lands by the United States without compensation.

We do have the issue of the right of occupancy of Indian lands which the

Tee-Hit-Ton Indians case in fact recognizes (348 U.S. at page 279, 75 S.Ct. at page 317), which may be protected against intrusion by third parties and which may be terminated only by the Government. This right of occupancy was first recognized in the case of Johnson v. McIntosh, 1823, 8 Wheat. 543, 21 U.S. 543, 5 L.Ed. 681, and has been followed by the Supreme Court and other courts ever since.[1] It is this right which was specifically preserved in the Miller case.

Most significant is the test applied by Judge Folta in the condemnation case. After holding that a possessory right of the Indians constitutes a compensable interest pursuant to Miller v. United States, the opinion further states:

"But the use or occupancy which gives rise to such a right must be notorious, exclusive, and continuous, and of such a nature as to leave visible evidence thereof so as to put strangers upon notice that the land is in the use or occupancy of another, and the extent thereof must be reasonably apparent." (Citing Cramer v. United States, above, and other cases).

■■ This is an issue of fact, and must be determined as such. Defendants base their motion for summary judgment upon the pleadings and affidavits filed in support thereof in which it is claimed that the use of the tidelands by the Indians has gradually diminished to the extent that it is practically negligible. These affidavits are, however, seriously controverted by counteraffidavits of certain of the Indian claimants. Any such issue of abandonment or relinquishment is likewise a question of fact which cannot be tried by affidavits. A motion for summary judgment cannot be granted where there is a genuine issue as to material facts. (Rule 56, F.R.Civ. P. 28 U.S.C.A.).

There is another issue raised by the affidavits of the Indians and that is whether or not, under the law of littoral ownership, the defendants have the right to obstruct the free use of the tidelands immediately in front of and abutting upon the Native Village. See Dalton v. Hazelet, 9 Cir., 1910, 182 F. 561, 3 Alaska Federal 520.

The motions for dismissal and for summary judgment must therefore be denied and the issues of fact tried by the Court.

Defendants may have thirty days in which to answer plaintiff's complaint.

---

1. See especially Cramer v. United States, 261 U.S. 219, 43 S.Ct. 342, 67 L.Ed. 622; United States v. Santa Fe Pacific R. Co., 314 U.S. 339, 62 S.Ct. 248, 86 L.Ed. 260, and other cases cited at page 844 of 75 F. Supp. of the condemnation case.