**Martin L. VAN WINKLE, Plaintiff-Appellee,**

v.

**John L. McLUCAS, Defendant-Appellant.**

**No. 75–2145.**

United States Court of Appeals, Sixth Circuit.

Argued March 29, 1976.

Decided June 25, 1976.

William W. Milligan, U. S. Atty., Dayton, Ohio, Robert E. Kopp, John M. Rogers, Dept. of Justice, Washington, D. C., for defendant-appellant.

Gerald L. Turner, Cross & Turner, Dayton Ohio, for plaintiff-appellee.

Before EDWARDS, PECK and MILLER,* Circuit Judges.

PER CURIAM.

The sole question posed by this appeal is whether the federal Back Pay Act, 5 U.S.C. § 5596(b)(1) (1970), was properly interpreted by the federal District Judge as authorizing not only an award of back pay but also an award of interest thereon. The statute in question (with the language specifically relied upon by the District Judge emphasized) reads as follows:

(b) An employee of an agency who, on the basis of an administrative determination or a timely appeal, is found by appropriate authority under applicable law or regulation to have undergone an unjustified and unwarranted personnel action that has resulted in the withdrawal or reduction of all or a part of the pay, allowances, or differentials of the employee—

(1) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect *an amount equal to all* or any part *of the pay,* allowances, or differentials, as applicable, that the employee normally would have earned during that period if the personnel action had not occurred, less any amounts earned by him through other employment during that period. . . 5 U.S.C. § 5596(b)(1) (1970).

The facts in this case show that a civilian Air Force employee of some long standing, then employed at the Wright Patterson Air Force Base, Ohio, as an auditor, was discovered in the process of shoplifting $16.20 worth of stereo tape cartridges from the Base PX. The Air Force, feeling such activity to be inconsistent with the responsibilities of an auditor, undertook to fire him but apparently never managed to accomplish the discharge within the rules of procedure which had been created. As a result, on his suit for reinstatement and back pay, the District Judge awarded him same, an award which the Air Force has now, albeit with expressed reluctance, accepted. The District Judge also ordered the government to pay 8% interest on all of the accumulated back pay.

The government's position on this appeal is that the Back Pay Act is quite detailed in relation to what the Civil Service Commission may award the federal employee in the event of wrongful discharge, but it does not include interest. The District Judge reasoned that when the statute provided for "an amount equal to all . . . of the pay" of which the employee had been deprived by his discharge, particularly in a period of inflation, the provision of interest should be regarded as authorized.

The government's contention, on the other hand, is that under the doctrine of sovereign immunity, a Congressional statute waiving immunity cannot be construed to include the right of the courts to award interest unless the statute specifically says so. In this regard the government relies

* Honorable William E. Miller died on April 12, 1976, and did not participate in this decision.

upon *United States v. Alcea Band of Tilla-mooks,* 341 U.S. 48, 71 S.Ct. 552, 95 L.Ed. 738 (1951); *United States v. Thayer-West Point Hotel Co.,* 329 U.S. 585, 67 S.Ct. 398, 91 L.Ed. 521 (1947); *United States v. Goltra,* 312 U.S. 203, 61 S.Ct. 487, 85 L.Ed. 776 (1941). This Circuit has expressed a similar view in *Gray v. Dukedom Bank,* 216 F.2d 108 (6th Cir. 1954).

We believe that the award of interest must be reversed. The Back Pay Act is quite detailed in the relief it affords. Obviously, Congress could have added the award of interest to the remedies which it did provide. Since the Back Pay Act creates a cause of action against the sovereign which did not previously exist, a strict construction of the statutory remedy is generally held to be required. *United States v. Thayer-West Point Hotel Co., supra.*

The judgment of the District Court in awarding interest is vacated and the case is remanded for further proceedings.