Nathan W. HOLLINGSWORTH,
Plaintiff,

v.

The CITY OF PUEBLO, Robert O. Silva,
Joseph E. Losavio, Arthur E. Pendleton,
William Webster, and Colorado Bureau
of Investigation, Defendants.

Civ. A. No. 80–K–440.

United States District Court,
D. Colorado.

Aug. 25, 1980.

Maurice R. Franks, Pueblo, Colo., for plaintiff.

Nancy E. Rice, Asst. U. S. Atty., Denver, Colo., for William Webster.

## ORDER OF DISMISSAL AND REMAND

KANE, Judge.

The defendant, William Webster, moves to dismiss the complaint which concerns plaintiff's attempt to have references to an alleged erroneous arrest expunged from the record and to have documents, including photographs and fingerprints, returned to him. According to the complaint, on November 13, 1979, pursuant to an order of the Pueblo County Court, access to plaintiff's criminal records was limited to criminal justice agencies of Colorado, other states, and the United States.

Plaintiff contends that the City of Pueblo has failed to respond to his request for the return of his photographs, fingerprints, and all documents pertaining to his arrest and detention. The complaint does allege, however, that on December 12, 1979 the Pueblo Police Department notified plaintiff that only criminal justice agencies would have access to plaintiff's criminal records. Plaintiff requests a mandatory injunction compelling defendants to return the above-mentioned documents.

William Webster is sued in his official capacity as Director of the Federal Bureau of Investigation. Plaintiff alleges that the F.B.I. possesses copies of plaintiff's fingerprints and photographs. In support of his motion to dismiss, defendant Webster as-

serts that this court lacks subject matter jurisdiction and that the complaint fails to state a claim for which relief can be granted.

On April 7, 1980 defendant Webster filed a petition seeking removal of this case from the Pueblo District Court to the United States District Court pursuant to 28 U.S.C. § 1442(a)(1) and § 1446. In its petition, defendant stated that "pursuant to 28 U.S.C. § 1346(b) the United States District Courts have exclusive jurisdiction of any civil action against the United States based upon negligent or wrongful acts by an employee of the government while acting within the scope of his employment." Defendant argues that since the Pueblo District Court from which the case was removed had no original subject matter jurisdiction, this court likewise is without jurisdiction.

■ First, it is important to note that Webster's removal of the state court action did not amount to a waiver of any objections to jurisdiction in the federal court. See *Moore's Federal Practice*, § 0.157(3) p. 46. Furthermore,

. . . the principle of derivative jurisdiction, as it pertains to subject-matter jurisdiction of the state court, has been applied so that *any* action, commenced in a state court, involving a matter over which the Federal courts have exclusive jurisdiction, is subject to dismissal, after removal, for want of jurisdiction even though the Federal court would have jurisdiction of a similar case brought originally therein. . . .

*Moore's Federal Practice*, § 0.157(3) pp. 46–47. *Warner Bros. Records, Inc. v. R. A. Ridges Distrib. Co., Inc.*, 475 F.2d 262 (10th Cir. 1973). *Martinez v. Seaton*, 285 F.2d 587 (10th Cir. 1961). As pointed out by defendant, "the Pueblo District court has no jurisdiction over Webster vis-a-vis his official capacity as the Director of the F.B.I., since such jurisdiction is exclusively vested in the Federal court." Accordingly, this action against William Webster must be dismissed for lack of jurisdiction.

Defendant Webster's contention that the complaint fails to state a claim upon which relief can be granted is also a sufficient ground upon which to dismiss. In *Menard v. Saxbe*, 498 F.2d 1017 (U.S.App.D.C.1974) and in *Tarlton v. Saxbe*, 507 F.2d 1116 (U.S.App.D.C.1974), the court found that in regard to criminal record keeping, the F.B.I. was under a duty to be reliable and responsible in maintaining and disseminating information retained in an individual's criminal file. This duty was held to include that of putting forth a reasonable effort to forestall inaccuracy. As a consequence of its duty the F.B.I. honors any request for expungement made by the contributing local agency. *Menard v. Saxbe, supra.*

■ In the instant case, the complaint states that "the City of Pueblo has not even bothered to request the F.B.I. to return plaintiff's fingerprints and photograph." Further, absent from the complaint are any allegations that the Pueblo police department informed the F.B.I. of plaintiff's request or that the F.B.I. was otherwise informed of plaintiff's request. Without such allegations, the complaint fails to state a claim against defendant Webster in his capacity as Director of the F.B.I. Accordingly, it is

ORDERED that this complaint is dismissed as against defendant Webster and it is further

ORDERED that this civil action is remanded to the District Court in and for the County of Pueblo, State of Colorado, for further proceedings not inconsistent herewith.