**William T. BROCKL, Plaintiff-Appellee,**

v.

**Langhorn M. BOND, Administrator, Federal Aviation Administration, Defendant-Appellant.**

**No. 81–2149.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 18, 1982.

Decided June 9, 1982.

Barbara B. Berman, Asst. U. S. Atty., Milwaukee, Wis., for defendant-appellant.

Barbara L. Burbach, Milwaukee, Wis., for plaintiff-appellee.

Before SWYGERT, Senior Circuit Judge, BAUER, Circuit Judge, and DAVIES,* Senior District Judge.

RONALD N. DAVIES, Senior District Judge.

The appellee, William T. Brockl, is an air traffic controller who was removed from his position on June 16, 1970, due to unauthor-

ized absences during a nationwide "sick-in" organized by the Professional Air Traffic Controllers Organization. His administrative challenge to his removal was given finality on November 23, 1971, when the Civil Service Commission upheld the Regional Director's decision that the removal was proper. Shortly thereafter Brockl was informed by the FAA that controllers removed in 1970 due to unauthorized absences could apply for reemployment under certain conditions. He did so and was reinstated on May 1, 1972.

Brockl then commenced an action in the district court seeking declaratory relief and backpay for the period during which he had been terminated. The district court, holding that the removal had been arbitrary and capricious, awarded backpay of $29,-670.52 together with interest in the sum of $22,845.90. The FAA appeals only from that portion of the judgment awarding interest and the only issue is whether the Back Pay Act, 5 U.S.C. § 5596, authorizes prejudgment interest on a backpay award.

There is a long-established deeply-imbedded principle that interest is not allowed on monetary claims against the Federal Government unless Congress (or a contract) plainly authorizes such an addition . . . .

*Blake v. Califano*, 626 F.2d 891 (D.C.Cir. 1980). This principle has been held to apply to the Back Pay Act. *Van Winkle v. McLucas*, 537 F.2d 246 (6th Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1105, 51 L.Ed.2d 539 (1977); *Fitzgerald v. Staats*, 578 F.2d 435 (D.C.Cir.1978). We agree. Though the Fifth Circuit, in *Payne v. Panama Canal Co.*, 607 F.2d 155 (1979), held that the remedial and compensatory purpose of the Act permitted the district court to exercise its discretion in awarding interest, we feel that purpose insufficient to overcome the strong contrary reasons for denying prejudgment interest in the absence of specific authorization by Congress.

---

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

The portion of the judgment of the District Court in awarding interest is reversed and the case remanded for further proceedings.