**Edward C. MITCHELL, Plaintiff,**

v.

**HEALTH CARE SERVICE CORP., et al., Defendants.**

No. 85 C 3247.

United States District Court, N.D. Illinois, E.D.

March 21, 1986.

Edward C. Mitchell, for plaintiff.

Anton R. Valukas, U.S. Atty. by Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., Joan Leese Lowes, Asst. Regional Counsel, Dept. of Health and Human Services, Region V, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

The plaintiff in this suit, Edward C. Mitchell, filed a pro se complaint in small claims court in Kendall, Illinois, seeking interest on a $960.00 reimbursement he received pursuant to Part B of Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395j et seq. ("Medicare"). The case was removed to this court on April 8, 1985. The parties are before the court on the defendants' motion to dismiss plaintiff's claim for lack of subject matter jurisdiction and failure to state a claim. For the following reasons, defendants' motion is granted.

### Subject Matter Jurisdiction

■ Defendants contend that this court has no jurisdiction over Mitchell's claim because the small claims court wherein this case originated had no jurisdiction over it. The Supreme Court has held that, in addition to the requirement that the case be within the original jurisdiction of the federal courts, a lawsuit may be removed only if it also is within the subject matter jurisdiction of the state court wherein the lawsuit was commenced. *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). The removal jurisdiction of a federal court is derivative, and if the state court had no jurisdiction, then a federal court cannot acquire it by removal. *Id.* This is true even if the federal court would have jurisdiction if the case had been filed there in the first place. 14A Wright, Miller & Cooper, Federal Practice & Procedure 2d § 3721 at 197–99 (1985); *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 24 n. 27, 103 S.Ct. 2841, 2953 n. 27, 77 L.Ed.2d 420 (1982). Furthermore, a de-

fendant's removal of a lawsuit from state court to federal court does not preclude him from subsequently objecting to the federal court's subject matter jurisdiction. *Hollingsworth v. City of Pueblo*, 494 F.Supp. 1039, 1040 (D.Col.1980). Thus, in order to determine whether this court has jurisdiction over Mitchell's claim, it is necessary to determine whether the Illinois small claims court had jurisdiction over Mitchell's suit for interest.

█ The jurisdictional provisions of the Social Security Act are very explicit, and the Supreme Court has recognized that these sections operate as a complete bar to judicial review in any forum other than that outlined in the statute itself. *See* 42 U.S.C. § 405; *Weinberger v. Salfi*, 422 U.S. 749, 756–59, 95 S.Ct. 2457, 2462–64, 45 L.Ed.2d 522 (1975). *See also Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1976) (judicial review limited to that expressly authorized by the statute itself).

The Social Security Act does not authorize state court jurisdiction over the Secretary's decisions rendered pursuant to the Medicare statute. Therefore, the small claims court in which the plaintiff initiated this lawsuit had no jurisdiction over Mitchell's claim. *See Overman v. Mutual Hospital Ins. Inc.*, No. IP–83–187–C (S.D.Ind. May 13, 1983); *Bellamy v. Department of Health, Education and Welfare*, 354 F.Supp. 1231, 1233 (N.D.Ill.1972) (dismissing cases after removal because state court had no jurisdiction over Social Security claim).

Furthermore, in a recent decision, the Supreme Court has indicated that even the Federal District Courts have no jurisdiction to review claims arising under Part B of the Medicare Statute. In *United States v. Erika, Inc.*, 456 U.S. 201, 206, 102 S.Ct. 1650, 1653, 72 L.Ed.2d 12 (1982), the Supreme Court held that "Congress, by enacting the Medicare statute, 42 U.S.C. § 1395, *et seq.* (1976 ed. and Supp.IV) specifically precluded review in the Court of Claims of adverse hearing determinations of Part B payments." The Court studied the legisla-

tive history and the words of the statute itself, concluding that Congress intended to limit review of Part B awards " 'in order to avoid overloading the courts with quite minor matters.' " *Id.* at 209, citing 118 Cong. Rec. 33992 (1972). Congress specifically authorized administrative review in only two situations: when the dispute relates to their eligibility to participate in Part A or Part B, and when the dispute concerns the amount of benefits to which they are entitled under Part A [42 U.S.C. § 1395ff(b) ]. The Court noted the statute's failure to provide appeal on disputed benefits under Part B, concluding, "In the context of the statute's precisely drawn provisions, this omission provides persuasive evidence that Congress deliberately intended to foreclose further review of such claims." *Erika*, 456 U.S. at 208, 102 S.Ct. at 1654. *See also Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 2020–22, 80 L.Ed.2d 622 (1984); *Schweiker v. McClure*, 456 U.S. 188, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982).

The plaintiff does not contest that he seeks benefits (interest) for a claim under Part B. He has asserted no statutory authority or caselaw which would support this court's exercise of jurisdiction over this claim. Accordingly, the court grants the defendants' motion for lack of subject matter jurisdiction. *See Overman v. Mutual Hospital Insurance, Inc.*, No. IP–83–187–C (S.D.Ind. May 13, 1983) (dismissing plaintiff's effort to seek review of Part B Medicare award).

Because this case has been dismissed for lack of subject matter jurisdiction, the court need not consider the government's alternative argument, that the plaintiff has failed to state a claim for which relief may be granted. The court notes, however, that the plaintiff has not provided this court with any authority supporting his claim that he is entitled to interest payments from the government on his Medicare Part B award. The traditional rule is that "interest on claims against the United States cannot be recovered in the absence of an express provision to the contrary in the relevant statute." *United States v.*

*Alcea Band of Tillamooks,* 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951); *Steiner v. Nelson,* 309 F.2d 19, 21 (7th Cir.1962). Under this rule, Mitchell's complaint would also have to be dismissed for failure to state a claim upon which relief may be granted.