**John M. SANSOM, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 86–04414–RV.

United States District Court,
N.D. Florida,
Pensacola Division.

March 9, 1989.

---

James L. Chase, Pensacola, Fla., Steven M. Harris, Miami, Fla., for plaintiff.

Marika Lancaster, Michael N. Wilcove, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

VINSON, District Judge.

Plaintiff has moved to compel payment of interest on the judgment entered in his favor for attorneys' fees in this case. (Doc. 55) The motion raises the issue of whether interest is payable on an award of attorneys' fees made in tax cases pursuant to Section 7430 of Title 26, *United States Code.*

The statute itself is silent regarding interest on such awards. Plaintiff relies upon Sections 1961(a) and 2411 of Title 28, *United States Code,* as authority for his claim to interest on the attorneys' fee award.

 An award of interest upon a claim or judgment against the United States cannot be made unless there is an express waiver of sovereign immunity. *See United States v. Alcea Band of Tillamooks,* 341 U.S. 48, 71 S.Ct. 552, 95 L.Ed. 738 (1951); *Peterson v. Weinberger,* 508 F.2d 45, 54 (5th Cir.) *cert. denied,* 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 47 (1975). Furthermore, an award of interest against the United States must be authorized by an express, unambiguous provision for interest in order to overcome the bar of sovereign immunity. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed. 2d 52 (1969). The Eleventh Circuit has addressed this issue in the context of post-judgment interest on an award of attorneys' fees in a tax matter arising under the Equal Access to Justice Act, Title 28, *United States Code,* Section 2412, which I find to be dispositive:

The fact that Congress expressly and unequivocally provided for the payment of interest by the government in particular cases, as delineated in 28 U.S.C.A. §§ 2411, 2516, and 32 U.S.C.A. § 1304, convinces us that if Congress intended to waive the government's sovereign immunity and thereby permit the government's payment of interest on an award of attorney's fees, it could have expressly and unequivocally done so. In the absence of a congressional declaration waiving the government's sovereign immunity, this court may not. Accordingly, we hold that the district court's award of interest on attorney's fees was not authorized under 28 U.S.C.A. § 1961 (West Supp.1983). *Arvin v. United States,* 742 F.2d 1301, 1304 (11th Cir. 1984).

Similarly, the United States Court of Appeals for the District of Columbia reached the same conclusion regarding interest on judgments against the United States for attorneys' fees under the Freedom of Information Act. *Holly v. Chasen,* 639 F.2d 795 (D.C.Cir.1981), *cert. denied,* 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94 (1981). The Fifth Circuit has reached a similar conclusion regarding attorneys' fees awarded pursuant to Title 42, *United States Code,* Section 1988. *Knights of Ku Klux Klan v. E. Baton Rouge Parish,* 735 F.2d 895, 902 (5th Cir.1984).

Accordingly, the plaintiff's motion for an award of post-judgment interest on the judgment entered in his favor and awarding him attorneys' fees in the amount of $3,975 on July 5, 1988, is hereby DENIED.

DONE AND ORDERED.