Jessie SHORT, et al., Plaintiffs,

v.

The UNITED STATES, Defendant,

and

the Hoopa Valley Tribe of Indians, Defendant–Intervenor.

Charlene ACKLEY, et al., Plaintiffs,

v.

The UNITED STATES, Defendant,

and

the Hoopa Valley Tribe of Indians, Defendant–Intervenor.

Nos. 102–63 and 460–78.

United States Claims Court.

April 13, 1992.

William C. Wunsch, San Francisco, Cal., and William K. Shearer, San Diego, Cal., for plaintiffs.

Pamela S. West, Washington, D.C., for defendant. James M. Upton, Thornton Withers Field, and Gregory D. Page, of counsel.

Thomas P. Schlosser, Seattle, Wash., for defendant-intervenor.

## OPINION

MARGOLIS, Judge.

The long history of the *Short* case is documented by numerous opinions. *See Jessie Short, et al., v. United States,* 202 Ct.Cl. 870, 884, 486 F.2d 561, 568 (1973), *cert. denied,* 416 U.S. 961, 94 S.Ct. 1981, 40 L.Ed.2d 313 (1974) (*Short I*) (establishing liability of the defendant United States);

*Jessie Short, et al. v. United States,* 228 Ct.Cl. 535, 550–51, 661 F.2d 150, 158–59 (1981), *cert. denied,* 455 U.S. 1034, 102 S.Ct. 1738, 72 L.Ed.2d 153 (1982) (*Short II*) (directing the trial judge to develop standards to determine which plaintiffs were "Indians of the Reservation" entitled to recover); *Jessie Short, et al. v. United States,* 719 F.2d 1133 (Fed.Cir.1983), *cert. denied,* 467 U.S. 1256, 104 S.Ct. 3545, 82 L.Ed.2d 849 (1984) (*Short III*) (denying defendant's motion to dismiss and reaffirming the jurisdiction of the court over the case, and affirming the qualification standards). The arduous and extraordinarily time-consuming process of a *case-by-case* qualification of the 3,800 individual plaintiffs under the established standards is now completed.

The issue now before this court is the reconsideration of the decision in *Jessie Short, et al., v. United States,* 12 Cl.Ct. 36, 42–44 (1987) (*Short IV*), allowing interest on the amounts owed to the plaintiffs. Defendant acknowledges that sovereign immunity was waived to allow the suit against United States and to invoke the jurisdiction of the United States Court of Claims, and now the United States Claims Court. This was one of the holdings of the United States Court of Appeals for the Federal Circuit in *Short III.* 719 F.2d at 1134–37. However, the defendant argues that there is not a waiver of sovereign immunity as to the award of interest to the plaintiffs, on the authority of *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *Rogers v. United States,* 877 F.2d 1550 (Fed.Cir. 1989); and *White Mountain Apache Tribe v. United States,* 20 Cl.Ct. 371 (1990). Plaintiffs and defendant-intervenor argue on the basis of *United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), *aff'g,* 229 Ct.Cl. 1, 664 F.2d 265 (1981) (*Mitchell II*), as well as other cases, that sovereign immunity has been waived and that interest is allowed.

After careful consideration, and after hearing oral argument, this court reaffirms

its earlier ruling on the interest issue.[1]

### DISCUSSION

 As stated in this court's first opinion on the interest issue, and as argued by the government, despite the general waiver of sovereign immunity allowing suit, interest is *not* allowable in claims against the United States unless a Fifth Amendment taking has occurred, or unless interest is provided for in an express contractual provision or by statute. 28 U.S.C. § 2516(a) (1982); *Library of Congress v. Shaw*, 478 U.S. at 314, 106 S.Ct. at 2961; *United States v. Alcea Band of Tillamooks*, 341 U.S. 48, 49, 71 S.Ct. 552, 553, 95 L.Ed. 738 (1951); *United States v. Mescalero Apache Tribe*, 207 Ct.Cl. 369, 380, 518 F.2d 1309, 1316 (1975), *cert. denied*, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976). Interest can not be awarded on the basis of policy, *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 658–59, 67 S.Ct. 601, 603–04, 91 L.Ed. 577 (1947), or implied notions of just compensation, *United States v. Thayer–West Point Hotel Co.*, 329 U.S. 585, 588–90, 67 S.Ct. 398, 399–401, 91 L.Ed. 521 (1947). Recovery of interest in a judgment is also prohibited where a statute otherwise provides for interest, but the monies at issue were never held in trust by the government in an interest-bearing account. *Navajo Tribe v. United States*, 9 Cl.Ct. 227, 271 (1985); *Mitchell v. United States*, 229 Ct.Cl. 1, 16, 664 F.2d 265, 275 (1981), *aff'd*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

This court's analysis begins with the series of opinions in the *Mitchell* case. In *Mitchell*, the government challenged the jurisdiction of the Court of Claims, the predecessor of the Claims Court, over the plaintiffs' claims that the government had mismanaged timber resources held in trust by the government for the benefit of the plaintiffs. *See Mitchell v. United States*, 219 Ct.Cl. 95, 591 F.2d 1300 (1979), *rev'd*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). The government argued that the

court lacked jurisdiction because the government had not waived sovereign immunity against the type of claim asserted by the plaintiffs. The Court of Claims held that a trust relationship was created by the General Allotment Act and that a breach of trust gives rise to a suit for damages under the Tucker Act, which provides the necessary waiver of sovereign immunity. *Id.* at 98–106, 591 F.2d at 1302–06. However, the Supreme Court reversed, holding that the limited trust relationship created by the General Allotment Act did not provide the right to recover, and remanded the case back to the Court of Claims. *United States v. Mitchell*, 445 U.S. at 538–46, 100 S.Ct. at 1351–56.

On remand, the Court of Claims held that the government was liable for damages and that the Claims Court had jurisdiction over the plaintiffs' claims. As stated by the Supreme Court in *Mitchell II*:

> [t]he [C]ourt [of Claims] ruled that the timber management statutes, 25 U.S.C. §§ 406, 407, and 466, various federal statutes governing roadbuilding and rights of way, §§ 318 and 323–325, statutes governing Indian funds and Government fees, §§ 162a and 413, and regulations promulgated under these statutes imposed fiduciary duties upon the United States in its management of forested allotted lands.

463 U.S. at 211, 103 S.Ct. at 2965. On this basis, the Court of Claims ruled that the United States was liable for money damages, including interest on funds collected and held in trust by the United States for breach of the fiduciary duties imposed by timber, investment and other statutes. 229 Ct.Cl. at 6–16, 664 F.2d at 269–75. The Supreme Court affirmed, holding that the plaintiffs were entitled to recover damages, and sovereign immunity was waived under the Tucker Act, 28 U.S.C. § 1491, when the government breached the comprehensive and special trust duties which arise from the government's pervasive control over

---

**1.** The plaintiffs also argue, as previously, that their claim for interest is authorized by the Fifth Amendment. Defendant and defendant-intervenor argue otherwise. Again, this issue need

not be addressed because statutes provide for interest for the type of funds at issue. *Short IV*, 12 Cl.Ct. at 43.

timber and its revenues under the entire scheme of timber and investment statutes and regulations. 463 U.S. at 211–28, 103 S.Ct. at 2964–74.

In our case, the plaintiffs argue that 25 U.S.C. §§ 161a, 161b, 162a, along with the timber management statutes, impose fiduciary duties, the breach of which gives rise to a suit for damages, including recovery of interest on the funds collected and held in trust by the government. It is clear from the Supreme Court's characterization of *Mitchell II*, quoted above, that the breach of the fiduciary duties, established by § 162a in conjunction with §§ 406–07 and other statutes, formed the basis of government's liability for damages and the waiver of sovereign immunity in that case.[2] In our case, the Federal Circuit also concluded that the timber statutes impose fiduciary duties, and that the breach of these duties gives rise to a suit for damages under the Tucker Act which provides the necessary waiver of sovereign immunity allowing the suit to proceed in the Court of Claims, and then in the Claims Court. *Short III*, 719 F.2d at 1134–37.

Moreover, the Court of Claims in *Mitchell II* specifically considered whether the plaintiffs in that case were entitled to interest on funds collected and held in trust by the United States. The court in considering the interest issue stated that "[t]he proceeds actually paid to plaintiffs under [25 U.S.C. §§ 318a, 323–325, 406–407, 466] obviously should include interest which should have been earned or allowed on those underlying proceeds." 229 Ct.Cl. at 16, 664 F.2d at 275. The court made this ruling on the basis that the funds were subject to the investment statutes, 25 U.S.C. §§ 161a, 161b and 162a. *Id.* at 15–16, 664 F.2d at 274–75. However, because no statute provided for such, the court ruled that the plaintiffs were not entitled to

interest on any funds that were not held in trust by the government for them and were not subject to the specific interest provisions. *Id.* at 16, 664 F.2d at 275. The Supreme Court unconditionally upheld and affirmed the decision of the Court of Claims in *Mitchell II* in its entirety. Therefore, if the *Mitchell II* decision on the interest issue is applicable to the *Short* case, it is binding precedent.

The claims in *Mitchell II* and the claims in *Short* are identical for sovereign immunity purposes. In *Short III*, the United States Court of Appeals for the Federal Circuit unambiguously ruled that the claims in *Mitchell* and the claims in *Short* are alike in all material respects. The court stated:

In *Mitchell II*, the Supreme Court upheld jurisdiction in the Court of Claims (and, now, in the Claims Court) of a suit by Indian plaintiffs for damages for breach of fiduciary duties by the Government. On the jurisdictional issue now before us, the current case is essentially governed by that recent decision. Just like *Mitchell II*, this litigation concerns Indian-owned forest lands on an Indian reservation (there, the Quinault Reservation in Washington; here, the Hoopa Valley Reservation in California), with these forest resources being managed by the Department of the Interior which exercises "comprehensive" control over the harvesting of the Indian timber. *See* Part III of the Supreme Court's opinion in *Mitchell II*, [463] U.S. at [219–229], 103 S.Ct. at 2969–2974; *also see* [463] U.S. at [212–214], 103 S.Ct. at 2965–2966. The "broad" statutory authority of the Secretary of the Interior over the sale and management of the timber on the two reservations is precisely the same, *i.e.*, 25 U.S.C. §§ 405–406. In *Mitchell*,

---

2. In *Mitchell II*, Supreme Court discussed the investment aspect of the timber management duties as part of the scheme under which "[v]irtually every stage of the process is under federal control." 463 U.S. at 222, 103 S.Ct. at 2971. With regard to the investment aspect of the timber management duties, the Court stated:

The Secretary even has authority to invest tribal and individual Indian funds held in

trust in banks, bonds, notes, or other public debt obligations of the United States if deemed advisable and for the best interest of the Indians. Act of June 24, 1938, 52 Stat. 1037, 25 U.S.C. § 162a. In this case the funds maintained on behalf of individual allottees were derived primarily from timber sales. *Id.* at 223 n. 24, 103 S.Ct. at 2971 n. 24.

those plaintiffs claimed breach by the Government of fiduciary duties in the management and sale of the timber; here, plaintiffs likewise claim breach of such fiduciary duty. The difference is that in *Mitchell II* the alleged injury had to do with such things as the price obtained for the timber, failure to manage on a sustained yield basis, and exacting improper fees and charges—here the injury is the discriminatory distribution of the proceeds of the timber sales and management (and other Reservation income). The Supreme Court expressly held that the statutes and regulations relating to the management of Indian timber, *see* primarily 25 U.S.C. §§ 405–407, established a fiduciary relationship with respect to the timber, and because they clearly established such "fiduciary obligations of the Government in the management and operation of Indian land and resources, they can fairly be interpreted as mandating compensation by the Federal Government for damages sustained. Given the existence of a trust relationship, it naturally follows that the Government should be liable in damages for the breach of its fiduciary duties." [463] U.S. at [223–227], especially [225], 103 S.Ct. at 2971–2973, especially 2972. It must also follow that the Government was under fiduciary obligations with respect to the comparable Indian forest lands involved here, and is liable for breach of fiduciary obligation in failing to distribute the sale proceeds (and other income) to persons entitled to share in those proceeds—such as those plaintiffs who turn out to be qualified in this case.

*Short III,* 719 F.2d at 1134–35. On the basis of *Mitchell II,* because the claims in *Mitchell* and in *Short* were the same for sovereign immunity purposes, the Federal Circuit held that sovereign immunity was waived for the *Short* claims and that the Court of Claims had, and now the Claims Court has, jurisdiction over the claims of the *Short* plaintiffs.

The Court of Claims decision in *Mitchell II* allowing the award of interest is directly applicable to the *Short* case. As already demonstrated, the *Mitchell* and *Short* claims are virtually identical. The Court of Claims decision in *Mitchell II* is binding precedent on this court both in its own right[3] and because it was affirmed in its entirety by the Supreme Court. *Short III* is obviously controlling as well. The only question remaining is whether the funds, on which the *Short* plaintiffs claim that they were entitled to interest, were collected and held in trust by the government for the *Short* plaintiffs and were subject to the specific interest provisions. *See Mitchell II,* 229 Ct.Cl. at 15–16, 664 F.2d at 274–75. If the funds were not collected and held in trust by the government for the plaintiffs and were not subject to the specific interest provisions, then the plaintiffs are not entitled to interest, because, as per 28 U.S.C. § 2516(a), no statute would specifically authorize the award of interest. *Id.* at 16, 664 F.2d at 275. If, on the other hand, the funds were held in trust by the government for the plaintiffs and were subject to the specific interest provisions, then the plaintiffs are entitled to interest because a statute or statutes specifically authorize the award of interest on such funds. *Id.*

In our case, as noted in *Short IV,* the defendant concedes that the unallotted Reservation income was held in trust in an "Indian Monies, Proceeds of Labor" (IMPL) account. 12 Cl.Ct. at 43. These IMPL funds were held in trust by the government in trust accounts and were accumulating interest pursuant to express statutes. The income from unallotted Reservation lands was held in trust in U.S. Treasury Account 14X7236—"Proceeds of Labor, Hoopa Valley Indians," and the interest from these proceeds was held in trust in U.S. Treasury Account 14X7736. *See* Fndgs. 167–72, *Short I,* 202 Ct.Cl. at 970–72, 486 F.2d 561. These types of funds were required to accumulate simple interest at the rate of four percent per

---

**3.** *See South Corp. v. United States,* 690 F.2d 1368, 1369 (Fed.Cir.1982) (holding that Court of Claims cases are binding precedent until overruled by an *en banc* decision of the Federal Circuit).

annum, pursuant to the Act of June 13, 1930, 46 Stat. 584, codified at 25 U.S.C. §§ 161a, 161b (1982). In 1984, this interest provision was amended by the Act of Oct. 4, 1984, Pub.L. No. 98–451, 98 Stat. 1729, mandating that the minimum interest collection rate be at rates as determined by the Secretary of the Treasury, rather than the flat four percent. 25 U.S.C. § 161a (Supp. III 1985). These funds could also have been invested, and the defendant concedes were invested, under the provisions of 25 U.S.C. § 162a (1982), in bank accounts for interest higher than the four percent of §§ 161a, 161b.

■■■ On the authority of the decision of the Court of Claims in *Mitchell II,* affirmed unconditionally and in its entirety by the Supreme Court, the plaintiffs are entitled to award of interest on funds collected and held in trust by the government and subject to the investment statutes. This result is confirmed by binding decisions of the Court of Claims holding that where, as here, funds were earning interest by statute, and were disposed of wrongfully, the government is liable for the interest. *United States v. Gila River Pima—Maricopa Indian Community,* 218 Ct.Cl. 74, 85–86, 586 F.2d 209, 216–17 (1978); *see Coast Indian Community v. United States,* 213 Ct.Cl. 129, 157–58, 550 F.2d 639, 655 (1977). The holding is also in accord with *Cheyenne–Arapaho Tribes of Indians v. United States,* 206 Ct.Cl. 340, 512 F.2d 1390 (1975), where the Court of Claims held that the government was liable for interest under the same investment statutes and time periods at issue in our case, to earn the highest rate of interest on the same Proceeds of Labor Accounts of the Hoopa Valley Reservation which are at issue in *Short.*

Defendant argues, however, that a separate waiver of sovereign immunity, in addition to a general waiver from suit, is required to award interest and that no such waiver exists in our case. In support of this argument, defendant relies on the Supreme Court's decision in *Library of Congress v. Shaw,* the Federal Circuit's opinion in *Rogers v. United States,* and the Claims Court opinion in *White Mountain Apache Tribe v. United States.*

In *Library of Congress v. Shaw,* the Supreme Court considered whether plaintiffs were entitled to interest on an attorney's fees claim under a provision of Title VII which stated that the United States is liable for attorney's fees the same as a private person. The Court cited to the interest rule of 28 U.S.C. § 2516(a), that interest may not be awarded in a suit against the United States in the absence of an express waiver of sovereign immunity from an award of interest. 478 U.S. 310, 317, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986). The Court applied the rule and concluded that the Title VII provision did not waive the government's sovereign immunity with respect to interest on attorney's fees.

*Shaw* represents a specific application of the interest rule. It does not overrule or undercut the analysis employed by the Court of Claims, and approved by the Supreme Court in *Mitchell II.* With regard to funds in *Mitchell II* that were not collected and held in trust by the government and were not subject to the specific interest provisions, the Court of Claims held that the plaintiffs were not entitled to interest, on the mandate of 28 U.S.C. § 2516(a), because no statute specifically authorized the award of interest. 229 Ct.Cl. at 16, 664 F.2d at 275. Obviously, the Court of Claims was aware of the interest rule. This court is likewise aware of the interest rule. However, as in *Mitchell II,* the funds in the *Short* case, were collected and held in trust by the government for the plaintiffs and were subject to the specific interest provisions. Therefore the plaintiffs are entitled to interest because statutes specifically authorize the award of interest. Moreover, this court finds that *Shaw* in no way overruled *Mitchell II, Gila River Pima—Maricopa Indian Community, Coast Indian Community,* or *Cheyenne–Arapaho Tribes of Indians.* Consequently, *Shaw* does not change the result in our case.

In *Rogers v. United States,* the Federal Circuit applied the interest rule, following

*Shaw* to hold that the plaintiffs in *Rogers* were not entitled to interest on judgment funds from the time of distribution to the date of judgment. 877 F.2d 1550, 1555–56 (1989). The plaintiffs argued that 25 U.S.C. § 161a required the government to invest all of the funds that it held as trustee for Indian tribes, and that since they were wrongfully excluded from the trust fund, that they should be entitled to the interest the money would have earned. *Id.* at 1555. The Federal Circuit ruled that the funds were not held by the government during the period in question, so that § 161a did not apply, and that there were no other statutes in the case that required the government to pay interest on the judgment funds after the period of their distribution. *Id.* at 1556.

*Rogers* is distinguishable in that the funds in that case were never held in trust by the government in Proceeds of Labor Accounts and were not subject to the investment statutes applicable to the *Short* funds. *Rogers* also did not concern the timber management statutes and the investment statutes that were involved in *Mitchell* and are involved in *Short.* As with *Shaw, Rogers* represents a specific application of the interest rule to a situation unlike those circumstances encountered in *Mitchell* and *Short.* In *Mitchell* and *Short,* interest may be awarded on the funds collected and held in trust by the government under the timber and investment statutes. The Federal Circuit in *Rogers* did not question *Mitchell II, Gila River Pima—Maricopa Indian Community, Coast Indian Community,* or *Cheyenne–Arapaho Tribes of Indians,* nor did it question this court's interest decision in *Short IV. Rogers,* does not change the result in this case.

The defendant also cites to *White Mountain Apache Tribe v. United States,* 20 Cl.Ct. 371 (1990), a decision of the Claims Court, in support of reconsideration of the interest issue in the *Short* case.[4] In part, the decision in *White Mountain Apache,*

like the decision in *Rogers,* is distinguishable from our case. *White Mountain Apache* analyzes § 162a in isolation, apart from the timber management statutes implicated in *Mitchell* and *Short.* As stated previously, the Supreme Court's stated in *Mitchell II* that the breach of the fiduciary duty, established by § 162a in conjunction with §§ 406 and 407 and other statutes, formed the basis of government's liability for damages, including interest, and the waiver of sovereign immunity in that case. 463 U.S. at 211, 103 S.Ct. at 2965. In another sense, however, the decision in *White Mountain Apache* is not reconcilable with the established precedent that was carefully analyzed in that opinion. As discussed previously, the *Mitchell II* decision reveals that the Court of Claims was well aware of the existence of the interest rule stated in 28 U.S.C. § 2516(a). Nonetheless, the court awarded interest on funds collected and held in trust by the government that were subject to the investment statutes. Other binding Court of Claims cases have reached similar results. The precedent has not been overruled or modified. This court follows the established case law and reaffirms its earlier decision on the interest issue.

## CONCLUSION

For the foregoing reasons, the defendant's request for reversal of the court's award of interest in *Short IV* is denied.

---

**4.** The plaintiffs argue that there are aspects of the *White Mountain Apache* case that support their claim to interest in the *Short* case. Rather than address this portion of *White Mountain*

*Apache,* this court relies on *Mitchell II* and the other cases cited previously in support of the ruling that interest is allowed.